Gloria **NICHOLSON**, Plaintiff,

v.

**NATIONAL ACCOUNTS, INC., Blue Cross & Blue Shield of New Jersey, Inc., and Blue Cross & Blue Shield of Alabama, Defendants.**

**No. Civ.A. 99–0398–RV–M.**

United States District Court,
S.D. Alabama,
Southern Division.

Dec. 15, 1999.

Joseph D. Thetford, Thetford & Thetford, Mobile, AL, for Gloria J. Nicholson, plaintiff.

Ray M. Thompson, Hawkins & Thompson, LLC, Mobile, AL, for National Accounts, Inc., defendant.

Forrest S. Latta, Pierce, Ledyard, Latta & Wasden, P.C., Mobile, AL, for Horizon Blue Cross and Blue Shield of New Jersey, Inc., and Blue Cross & Blue Shield of Alabama, defendants.

## ORDER

VOLLMER, District Judge.

This matter comes before the court on plaintiff Gloria J. Nicholson's motion to remand this action to the Circuit Court of Mobile County, Alabama. Defendants National Accounts, Inc. ("National"), Blue Cross and Blue Shield of New Jersey, Inc. ("Blue Cross New Jersey"), and Blue Cross and Blue Shield of Alabama ("Blue Cross Alabama") [1] oppose the motion. After carefully reviewing the law and considering the submissions of the parties,[2] the court concludes that the motion is due to be granted.

## I. BACKGROUND

Nicholson began working for National in its Mobile, Alabama, office on July 14, 1997. Approximately three and one-half months later, on November 1, 1997, Nicholson joined National's group health insurance plan. The insurance contract was issued by Blue Cross New Jersey and administered by Blue Cross Alabama. On December 24, 1997, National terminated all of its employees, including Nicholson, who worked at the Mobile office. Though the Mobile office employees' health insurance coverage ended on that day, they were reportedly told by their supervisors that their benefits would continue through December 31, 1997.

On December 29, 1997, Nicholson underwent surgery. Prior to that date, Blue Cross had allegedly informed Nicholson's physician that the surgery was authorized and/or pre-certified. Although Blue Cross paid certain related charges after the surgery, it later denied Nicholson's claim and sought a refund of the amounts it had paid. According to Blue Cross, Nicholson's health coverage expired on the day of her termination—five days before the surgery.

On March 12, 1999, Nicholson filed this action in Mobile County Circuit Court, alleging various claims of promissory estoppel, equitable estoppel, and fraud against National and Blue Cross. On April 20, 1999, Blue Cross, joined by National, removed this action, asserting federal question jurisdiction under 28 U.S.C. § 1331 because plaintiff's state law claims were completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, *et seq.*, ("ERISA"). On May 20, 1999, Nicholson filed a motion to remand for lack of subject matter jurisdiction. According to Nicholson, the court has no federal question jurisdiction because her claims are not in fact preempted by ERISA.

## II. DISCUSSION

Removal of a civil case form state to federal court is proper only if the case could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). Here, Blue Cross argues that removal was proper because this court has federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 grants federal subject matter jurisdiction to actions arising under the Constitution, laws, or treaties of the Unit-

---

**1.** For simplicity's sake, the Blue Cross defendants are sometimes collectively referred to as "Blue Cross."

**2.** The court has considered the "Notice of Removal" (Doc. 1); "Plaintiff's Motion to Remand and Brief in Support Thereof" (Doc. 6); "Blue Cross" Memorandum in Opposition to "Plaintiff's Motion to Remand" (Doc. 7); the "Opposition of Defendant, National Accounts, Inc., to Plaintiff's Motion to .Remand" (Doc. 10); the "Response of Plaintiff to Briefs of Defendants in Opposition to Motion to Remand" (Doc. 13); and the "Rebuttal Brief of Blue Cross in Opposition to Plaintiff's Motion to Remand" (Doc. 14).

ed States. As the removing defendant, Blue Cross has the burden of demonstrating that there is federal jurisdiction over this matter. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). Because this burden is high, unresolved doubts concerning the propriety of the removal must be resolved in favor of remand. *See Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir.1994).

In determining whether federal question jurisdiction exists, the court normally applies the "well-pleaded complaint" rule. Under that rule, the court looks to see whether there is a federal question on the face of the complaint rather than whether any defenses asserted by the defendant raise a federal question. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

There is, however, an exception to the well-pleaded complaint rule: whenever Congress completely preempts, or "super-preempts," an area of law, "any civil complaint raising this select group of claims is necessarily federal in character" and thereby provides federal question jurisdiction under section 1331. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Accordingly, "federal courts have subject-matter jurisdiction over state-law claims that have been superpreempted, and defendants may remove to federal court those actions that contain such claims." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir.1999).

"Congress has accomplished this 'complete preemption' in 29 U.S.C. § 1132(a), which provides the exclusive cause of action for the recovery of benefits governed by an ERISA plan." *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir.1997). Thus, regardless of a plaintiff's actual state law claims, there is complete preemption under ERISA sufficient to sustain federal question jurisdiction upon removal when four elements are satisfied: (1) there is a relevant ERISA plan; (2) the plaintiff has standing to sue under that plan; (3) the defendant is an ERISA entity; and (4) the plaintiff's complaint seeks compensatory relief similar to that available under 29 U.S.C. § 1132(a), which will often be a claim for benefits due under a ERISA plan. *See Butero*, 174 F.3d at 1212. Accordingly, if Blue Cross shows that all of these elements are satisfied, then the court has federal question jurisdiction and removal was proper. On the other hand, if Blue Cross fails to establish even one of these elements, then the court lacks subject matter jurisdiction and Nicholson's motion to remand is due to be granted.

Resolution of the first and third elements is simple—Nicholson has conceded that the insurance policy issued by Blue Cross is an ERISA plan and that National is an ERISA entity.[3] That leaves only the second (standing to sue) and fourth (claim for benefits due under an ERISA plan) elements for consideration. For the reasons given below, however, the court concludes that it need not address whether Nicholson is seeking health insurance benefits because Blue Cross has not met its burden of demonstrating that Nicholson has standing to sue under ERISA.

There are two categories of individuals who have standing to sue for benefits under an ERISA plan—participants and beneficiaries. *See* 29 U.S.C. § 1132(a)(1). According to Blue Cross, Nicholson has standing to sue under section 1132(a) because she "believed" that she was still a "plan participant" when she underwent her surgery, even though her health coverage

---

3. *See* Resp. of Pl. to Brs. of Defs. in Opp'n to Mot. to Remand 2, 4 (Doc. 13).

had actually ended five days earlier when she was terminated by National. The problem with this argument is that it does not comport with the plain language of the statute. Under ERISA, a "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Because Nicholson is a former National employee who is not currently eligible for coverage by the Blue Cross group health plan, her status as a "participant" obviously turns on whether she "may become eligible" to obtain benefits under that plan. As the Supreme Court has explained, former employees are considered "participants" only when they have "a reasonable expectation of returning to covered employment or ... have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989) (internal quotations omitted).

Here, however, there is no allegation that Nicholson has a reasonable expectation of returning to work for National, nor is there even a suggestion that she wants to. But more importantly, the benefits at issue in this case are simply health insurance benefits that Nicholson had for less than two months; they are not the vested retirement or termination benefits that the Supreme Court indicated may be recoverable in *Firestone.* Therefore, because Nicholson is a former employee who has neither a reasonable expectation of returning to work for National nor a colorable claim to vested benefits, she "simply does not fit within the phrase 'may become eligible.'" *Id.* at 118, 109 S.Ct. at 958.

In support of its argument that Nicholson is a plan participant, Blue Cross cites *Willett v. Blue Cross & Blue Shield of Ala.,* 953 F.2d 1335 (11th Cir.1992),[4] wherein the Eleventh Circuit held that several former employees of Mays Enterprises, Inc., had standing to sue under ERISA for Blue Cross's denial of health benefits that occurred because the company allowed the policy to lapse by not paying the premium. Although Nicholson seems to concede that she would be considered a participant under *Willett,*[5] the court finds that this concession is premature.

Indeed, the very test set out by the *Willett* court necessitates a finding that Nicholson is not a plan "participant" for ERISA purposes. According to that opinion, "[t]here are two requirements for establishing that an employee is a plan participant: he must be in, or reasonably expect to be in, covered employment and he must 'be or become' eligible to receive a plan benefit." *Id.* at 1342. In that case, the Eleventh Circuit held that the former employees met this definition because they were *still employed* when their health coverage lapsed. But in this case, those requirements are clearly absent. First, Nicholson was not "in, or reasonably expect to be in" covered employment when she underwent surgery because National had terminated her five days earlier. Second, because there is no indication that Nicholson reasonably expects to resume her employment with National and because Blue Cross has clearly indicated that Nicholson is not subject to coverage under National's lapsed health insurance policy, Nicholson does not satisfy the "be or become eligible" requirement. The court therefore concludes that Nicholson is not a plan "participant" under ERISA.

---

4. Blue Cross also cites *Brown v. Neely Truck Line, Inc.,* 884 F.Supp. 1534 (M.D.Ala.1995), stating in a parenthetical that the court "held plaintiff's claim for benefits under health insurance policy preempted by ERISA, despite the fact that coverage was terminated prior to the plaintiff's receipt of medical treatment." Blue Cross' Mem. in Opp'n to Pl.'s Mot. to Remand 9 (Doc. 7). Contrary to Blue Cross's

assertions, *Brown* issued no such holding. Instead, the court merely noted without explanation that the case had previously been removed as an ERISA action. *Brown,* 884 F.Supp. at 1537 n. 6.

5. *See* Resp. of Pl. to Brs. of Defs. in Opp'n to Mot. to Remand 4 (Doc. 13).

The court also rejects National's alternative assertion that Nicholson has standing to sue under ERISA as a plan "beneficiary." The statute defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Citing *Butero,* 174 F.3d at 1212–13, National argues that Nicholson was a beneficiary because she paid $32.24 in premiums for health coverage before her employment was terminated. *Butero* does not support National's argument. There, the court of appeals held that the employee had standing to sue because she was a "potential beneficiary" of a life insurance policy that was part of her employer's ERISA benefits package. *Id.* But here, National does not argue that Nicholson made any premium payments towards a life insurance policy from which she "may become entitled to a benefit thereunder." Rather, National simply asserts that Nicholson paid less than $40 towards a health insurance policy that is not longer in effect. Because National has not demonstrated in any way that Nicholson "is or may become" entitled to any benefits under that now-defunct health insurance policy, the court concludes that Nicholson does not qualify as a plan "beneficiary" under ERISA.

Finally, while the court makes no determination as to whether Nicholson will ultimately be entitled to the relief she seeks, it notes that Blue Cross and National insist that Nicholson's claims are superpreempted by ERISA while simultaneously denying that she is entitled to ERISA benefits. Blue Cross and National may not invoke the advantages afforded to them under ERISA and then deny that Nicholson is afforded a cause of action—particularly since Nicholson is not even seeking medical benefits under her former Blue Cross/National health insurance policy.

In sum, Nicholson's causes of action are not superpreempted by the civil enforcement provision set forth in section 1132(a) of ERISA because Blue Cross and National have not met their burden of showing that Nicholson has standing to obtain a recovery under ERISA as a plan "participant" or a plan "beneficiary." The court therefore lacks federal question jurisdiction under ERISA to hear Nicholson's claims.

Given that Blue Cross and National have not asserted any other bases of subject matter jurisdiction, the court does not have jurisdiction over this case. Accordingly, this action will be remanded.

### III. CONCLUSION

For the foregoing reasons, the court concludes that it lacks subject matter jurisdiction over this action because Blue Cross has not demonstrated that Nicholson's state law claims are superpreempted by ERISA. The court therefore **GRANTS** Nicholson's motion to remand. Accordingly, it is **ORDERED** that this action is **REMANDED** to the Circuit Court of Mobile County, Alabama pursuant to 28 U.S.C. § 1447(c). The **CLERK** is **DIRECTED** to take all steps necessary to effectuate this remand. Each party shall bear its own costs.