Gloria NICHOLSON, Plaintiff,

v.

NATIONAL ACCOUNTS, INC., Blue Cross and Blue Shield of New Jersey, Inc., and Blue Cross and Blue Shield of Alabama, Defendants.

No. Civ.A. 00–0648–RV–L.

United States District Court, S.D. Alabama, Southern Division.

July 26, 2000.

---

Joseph D. Thetford, Thetford & Thetford, Mobile, AL, for Gloria J. Nicholson, plaintiff.

Ray M. Thompson, Hawkins & Thompson, LLC, Mobile, AL, for National Accounts, Inc., defendant.

Forrest S. Latta, Helen F-J Joyce, James R. Turnipseed Pierce, Ledyard, Latta & Wasden, P.C., Mobile, AL, for Blue Cross and Blue Shield of New Jersey, Blue Cross & Blue Shield of Alabama, defendants.

### ORDER

VOLLMER, District Judge.

This is the second time defendants Blue Cross and Blue Shield of Alabama and Blue Cross and Blue Shield of New Jersey, Inc. (collectively, "Blue Cross"), have removed this case from the Circuit Court of Mobile County, Alabama. This is also the second time this case will be remanded back to state court.

## I. BACKGROUND

Plaintiff Gloria Nicholson originally filed this action in the Circuit Court of Mobile County on March 12, 1999. Her complaint contains various state law claims for promissory estoppel, equitable estoppel and fraud against Blue Cross and co-defendant National Accounts, Inc. On April 20, 1999, Blue Cross, joined by National, filed a notice of removal. Blue Cross acknowledged that Nicholson's complaint only sets forth state law causes of action, but it argued that the court has federal question jurisdiction under 28 U.S.C. § 1331 because Nicholson's claims are completely preempted (or "superpreempted") by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 *et seq.* ("ERISA").[1]

On May 20, 1999, Nicholson filed a motion to remand. Nicholson took the position that the court lacked subject matter jurisdiction, and thus the removal was improper, because ERISA did not completely preempt her state law claims.

After extensive briefing by the parties, the court concluded that Nicholson's state law claims were not completely preempted because she did not have standing to sue under ERISA. *See Nicholson v. National Accounts, Inc.,* 105 F.Supp.2d 1290 (S.D.Ala. Dec.15, 1999). As the court explained in its order, Nicholson lacked standing because she was not a plan "participant" or a plan "beneficiary" as those terms are defined by 29 U.S.C. §§ 1002(7), (8). *See id.* at 1293. Accordingly, the court remanded this case for lack of subject

---

**1.** *See Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1212 (11th Cir.1999) ("federal courts have subject-matter jurisdiction over state-law claims that have been super- preempted, and defendants may remove to federal court those actions that contain such claims").

matter jurisdiction pursuant to 28 U.S.C. § 1447(c). *See id.* at 1293.

Almost seven months later, Blue Cross again removed this case to federal court. The sole basis for removal is, as before, that Nicholson's state law claims are completely preempted by ERISA. Thus, Blue Cross does not assert a new basis for removal; rather, it argues that Nicholson's recent deposition testimony demonstrates that the court was incorrect in previously holding that Nicholson was not a plan "participant" or plan "beneficiary" with standing to sue under ERISA.

## II. DISCUSSION

■ At the outset, the court acknowledges that the mere fact that this case was previously remanded does not, by itself, automatically preclude Blue Cross from filing a second notice of removal. The second paragraph of 28 U.S.C. § 1446(b) provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

It is well established that this language allows a defendant to remove a previously remanded case where subsequent pleadings or events reveal a new and different basis for removal. *See, e.g., Browning v. Navarro,* 743 F.2d 1069, 1079 n. 29 (5th Cir.1984); *O'Bryan v. Chandler,* 496 F.2d

403, 410 (10th Cir.1974); *One Sylvan Road North Assocs. v. Lark Int'l, Ltd.,* 889 F.Supp. 60, 62 (D.Conn.1995).

In this case, Blue Cross attempts to take advantage of this rule by asserting that Nicholson's post-remand deposition testimony presents new evidence that her state law claims are completely preempted because she has standing to sue under ERISA. In Blue Cross's view, because Nicholson's testimony was unavailable when this case was originally removed, this evidence constitutes different grounds for removal, thereby permitting a second notice of removal pursuant to the second paragraph of section 1446(b).[2]

■ However, the second paragraph of section 1446(b) must be read in harmony with 28 U.S.C. § 1447(d), which provides that a remand order "is not reviewable on appeal or otherwise." Section 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Harris v. Blue Cross/Blue Shield of Ala., Inc.,* 951 F.2d 325, 330 (11th Cir.1992). Thus, while a defendant may re-remove a case pursuant to section 1446(b), where, for example, the plaintiff amends her non-diverse state law complaint after remand to add a federal cause of action, the defendant may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply supplies evidentiary support for the argument that the previous remand order was incorrect.

■ Here, although Blue Cross tries to base its latest removal on a subsequent

**2.** Although Blue Cross stated in its second notice of removal that, pursuant to section 1446(b), the removal was effectuated within thirty days after it received "other paper" indicating that the case was removable, Blue Cross does not specify whether Nicholson's oral deposition itself, as opposed to the written transcript of her testimony, is the "other paper" offered in support of this most recent removal. Courts are divided as to whether a deposition or even its transcript is sufficient to satisfy section 1446(b). *Compare S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996) (transcript of plaintiff's deposi-

tion testimony is "other paper" allowing removal under § 1446(b)) *and Haber v. Chrysler Corp.,* 958 F.Supp. 321, 327 (E.D.Mich.1997) (plaintiff's deposition testimony is "other paper" within the meaning of § 1446(b)) *with Mill–Bern Associates, Inc. v. Dallas Semiconductor Corp.,* 69 F.Supp.2d 240, 241–44 (D.Mass.1999) (neither oral deposition nor the transcript of that testimony constitutes "other paper" for purposes of § 1446(b)). Because the court resolves this case on another ground, it need not decide whether Blue Cross has satisfied the "other paper" requirement of section 1446(b).

event under the second paragraph of 28 U.S.C. § 1446(b), the second removal is nothing more than a creative attempt to have the court reconsider its prior remand order. This the court cannot do. *See Tipp v. AmSouth Bank,* 89 F.Supp.2d 1304, 1307 (S.D.Ala.2000) (Vollmer, J.) ("Having ... remand[ed] this case pursuant to section 1447(c), the court is rendered powerless by section 1447(d) to reconsider that order and determine whether its decision to remand was in fact correct.").

■ Accordingly, it is **ORDERED** that this case is **REMANDED** to the Circuit Court of Mobile County, Alabama, pursuant to 28 U.S.C. § 1447(c). The **CLERK** is **DIRECTED** to take all steps necessary to effectuate this remand. Although the court has discretion to award fees and costs where a second removal is not taken in good faith, *see Muirhead v. Bonar,* 556 F.2d 735 (5th Cir.1977); *Smith v. Student Non–Violent Coordinating Comm.,* 421 F.2d 522 (5th Cir.1969),[3] the court declines to do so here. Therefore, each party shall bear its own costs.

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981.