Willie Mae COLLINS, Plaintiff,

v.

FINGERHUT COMPANIES, INC., and Fictitious Parties X, Y, & Z,[1] Defendants.

Civil Action No. 2:00–0808–RV–C.

United States District Court, S.D. Alabama, Northern Division.

Sept. 20, 2000.

---

1. Plaintiff lists several fictitious parties in the complaint, a practice which is allowed under the state procedural rules. However, fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure. *See, e.g.,* Federal Rule of Civil Procedure 10(a); 28 U.S.C. § 1441(a); *Rommell v. Automobile Racing Club of America, Inc.,* 964 F.2d 1090, 1098 n. 14 (11th Cir. 1992); *Weeks v. Benton,* 649 F.Supp. 1297, 1298 (S.D.Ala.1986). **However, because the court has determined that removal was not proper and that this case is due to be remanded, no action is taken as to the fictitious parties.**

**1284**

Robert H. Turner, Marion, AL, for plaintiff.

Turner B. Williams, Sadler Sullivan, Birmingham, AL, for defendant.

### ORDER

VOLLMER, District Judge.

■ Defendant Fingerhut Companies, Inc. removed this action from the Circuit Court of Perry County, Alabama, asserting that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

■ As instructed by the United States Supreme Court, "The federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 2435, 132 L.Ed.2d 635, 642 (1995). *Accord, Wilson v. Minor,* 220 F.3d 1297, 1303 n. 11 (11th Cir.2000) ("Of course, a federal court has an independent obligation to ensure that it has jurisdiction over any claim brought before it even if jurisdictional questions are not raised by either party.") (citing *Hays* ); *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (citations omitted); *Fitzgerald v. Seaboard System R.R., Inc.,* 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

■ Moreover, this court's "removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction.... Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *American Tobacco,* 168 F.3d at 410 (citation omitted).

This is the second time defendant Fingerhut has removed this action. Following the first removal, the court remanded this case on the grounds that the removing defendant had not established that either federal question or diversity jurisdiction existed. (*See* Order dated June 28, 2000 in Civil Action No. 2:00–0576–RV–L). More specifically, the court found that defendant Fingerhut had not (1) cited any case law to support its argument that federal question jurisdiction existed by virtue of the "artful pleading doctrine" and (2) "provided any evidence to prove to a legal certainty that the amount in controversy exceeds the amount set forth in [the] complaint," thereby defeating its argument that diversity jurisdiction existed. *Id.*

■ In its second removal, defendant Fingerhut now provides case law which supports its argument that federal question jurisdiction exists by virtue of the artful pleading doctrine. The court does not reach the merits of that argument, however, because it lacks jurisdiction to consider the second notice of removal. As this court explained in *Nicholson v. National Accounts, Inc.,* 106 F.Supp.2d 1269 (S.D.Ala.2000):

> [Title 28 U.S.C. s]ection 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Harris v. Blue Cross/Blue Shield of Ala., Inc.,* 951 F.2d 325, 330 (11th Cir.1992). Thus, while a defendant may re-remove a case pursuant to [Title 28 U.S.C.] section 1446(b), where, for example, the plaintiff amends her non-diverse state law complaint after remand to add a federal cause of action, *the defendant may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second*

*notice of removal which simply supplies evidentiary support for the argument that the previous remand order was incorrect.*

*Nicholson,* 106 F.Supp.2d at 1271 (emphasis added).

Here, defendant Fingerhut is, in effect, requesting the court to reconsider its original remand order by removing the case a second time on the same grounds on which the first removal was based, the only difference being defendant's provision of supporting case law in its second removal notice. However, it is clear that the court lacks subject matter jurisdiction to revisit its original remand order whether the opportunity to do so is cast in the form of a motion to reconsider or in the form of a second notice of removal. Accordingly, it is

**ORDERED that this action is RE-MANDED to the Circuit Court of Perry County, Alabama, pursuant to 28 U.S.C. 1447(c). The Clerk is DIRECTED to the necessary steps to effectuate the remand. Costs are taxed against removing defendant Fingerhut.**