Veronica Dianne HARRIS,
Plaintiff–Appellant,

v.

BLUE CROSS/BLUE SHIELD OF ALA-
BAMA, INC.; State Employees Insur-
ance Board for the State of Alabama
and fictitious parties, Defendants–Ap-
pellees.

No. 91–7385.

United States Court of Appeals,
Eleventh Circuit.

Jan. 24, 1992.

William C. Elliott, Parnell, Crum &
Anderson, P.A., Montgomery, Ala., for
plaintiff-appellant.

Walter R. Byars, Steiner, Crum & Baker,
Montgomery, Ala., for defendants-appel-
lees.

Before KRAVITCH, ANDERSON and
BIRCH, Circuit Judges.

ANDERSON, Circuit Judge:

Harris appeals the district court's grant
of summary judgment in favor of appel-
lees. At an earlier stage in the litigation,
the district court had remanded the case to
state court. Upon appellee's motion to re-
consider the remand, however, the district
court set aside its previous order and reas-
serted jurisdiction over the case. There-
after, the court granted summary judg-

ment. We questioned our jurisdiction to entertain this appeal given the earlier remand to state court and asked the parties to address the jurisdictional issue. We conclude that neither this court nor the district court has jurisdiction to review the remand order.

## I. PROCEDURAL HISTORY

On July 6, 1990, appellant Veronica Dianne Harris brought this action in Alabama state court against appellees Blue Cross/Blue Shield of Alabama and the State Employees Insurance Board of Alabama. The complaint sought recovery for failure to provide notification of the lapse of her State employees' group health insurance coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). In addition, the complaint alleged several state-law claims including breach of contract, bad faith, and misrepresentation. On August 15, 1990, defendants-appellees filed their notice of removal. On August 27, Harris filed a motion to remand to state court. On September 14, Harris filed a motion in federal district court for leave to amend her complaint to delete her COBRA claim and to reassert her state-law claims for breach of contract, bad faith, and misrepresentation. On October 1, 1990, appellees filed their objection to Harris' motion to amend her complaint, claiming that the amendment was made simply to eliminate the federal claim in order to defeat federal jurisdiction. On October 30, 1990, the district court dismissed the COBRA claim and remanded the remaining claims to state court. In addition, on that day, a certified copy of the remand order was mailed to state court. On November 1, 1990, appellees filed a motion for reconsideration of the remand order. On December 7, 1990, the district

court set aside its October 30 remand order and reasserted jurisdiction. Thereafter, on April 22, 1991, the district court granted summary judgment in favor of the appellees. On May 13, 1991, Harris filed a timely notice of appeal from the grant of summary judgment against her.

## II. JURISDICTION

■ This case raises two jurisdictional issues: (1) whether this court has appellate jurisdiction to review the district court's order remanding to the state court and (2) whether the district court had jurisdiction to "reconsider" its order remanding the case to state court.

### A. *Appellate Review*

Title 28 § 1447(d) generally forbids review of remand orders:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.[1]

In *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court held that § 1447(d) prohibits review only of remand orders issued pursuant to § 1447(c). Section 1447(c) provides:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just

---

1. Title 28 U.S.C. § 1443 concerns civil rights actions and is not implicated in this case. Section 1443 provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

costs and actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.[2]

Thus, if the trial judge remands because the court "lacks subject matter jurisdiction," as specified in § 1447(c), his order is not subject to review in this court by appeal, mandamus, or otherwise.

■ In this case, the only federal claim involved notification under COBRA; the remaining claims were state-law claims. Therefore, this case involved the exercise of pendent jurisdiction. In *Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court established the test for determining whether the federal court has power to hear an entire case involving both federal and state claims. The Court stated that the district court has jurisdiction if the federal and state claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138.

As a predicate to the exercise of pendent jurisdiction, however, the federal claim "must have substance sufficient to confer subject matter jurisdiction on the court." *Id.*, (citing *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933)). In other words, the federal claim must be a "substantial" one. A federal court will not have jurisdiction over a federal question that is "plainly unsubstantial either because [it is] obviously without merit, or 'because its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can

be the subject of controversy.' " *Levering & Garrigues Co. v. Morrin*, 53 S.Ct. at 550, (citing *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910)). *See also Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–1379, 39 L.Ed.2d 577 (1974) (collecting many of the Supreme Court statements on the topic of substantiality); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3564 (1984 & Supp.1991).

■ In its October 30 order, the district court filed a memorandum opinion and order dismissing the COBRA claim with prejudice and remanding the remaining claims to state court. The court noted that the only federal claim alleged was failure to provide notice for lapse of plaintiff's health insurance policy as provided in 29 U.S.C.A. § 1161 *et seq.* The order then observed that the provisions of 29 U.S.C. § 1161 *et seq.* are part of the Employee Retirement Income Security Act ("ERISA") and § 1003(b) of ERISA provides that the provisions of ERISA do not apply to government plans as defined in 29 U.S.C. § 1002(32).[3] Accordingly, the district court found that "plaintiff's claim under § 1161 … is clearly barred" because the plan at issue is a government plan within the meaning of this statute. The district court continued:

This Court, therefore, lacks federal question jurisdiction under 28 U.S.C. § 1331, and is of the opinion that Plaintiff's Complaint in this cause is due to be dismissed with prejudice as to [the count alleging the § 1161 claim]. Plaintiff's remaining State law claims, having been removed to this Court, will be remanded pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Macon County, Alabama.

In essence, the order states that the district court believed that appellant's claim under § 1161, as presented in the complaint, was

---

**2.** Section 1447(c) was amended on November 19, 1988 by the Judicial Improvements and Access to Justice Act, Pub.L. 100–702, 102 Stat. 4642, 4670. The prior version stated:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case…."

**3.** Section 1002(32) provides in relevant part:

The term "government plan" means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, of by any agency or instrumentality of any of the foregoing.

not a substantial federal question sufficient to confer jurisdiction.[4] The district court's order, therefore, made a jurisdictional ruling rather than a ruling on the merits.

Appellees argue that the district court made a ruling on the merits and that this court can review the remand order under the exception to the nonreviewability rule that the Supreme Court recognized in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In *Thermtron*, the district court judge had remanded a case to state court because of the federal court's overcrowded docket, despite the presence of subject matter jurisdiction. The Supreme Court reviewed this remand order because it rested on grounds not contained in § 1447(c). The Court held that "only remand orders issued under § 1447(c) and invoking the grounds specified therein ... are immune from review under § 1447(d)." 423 U.S. at 346, 96 S.Ct. at 590.

In *Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934), the third party defendant removed the case to federal court on the basis of the third party defendant's diversity. The district court dismissed the third party action. With the diversity of citizenship thus removed, the district court remanded the case to state court. The Court stated:

> True, no appeal lies from the order of the remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of

an appeal; and, if not reversed or set aside, is conclusive upon the petitioner. 293 U.S. at 143, 55 S.Ct. at 7. The Court cautioned, however, that "[a] reversal cannot affect the order of remand, but it will at least, if the dismissal of the petitioner's complaint was erroneous, remit the entire controversy ... to the state court." *Id.* For cases citing *Waco, see Pelleport Investors v. Budco Quality Theatres*, 741 F.2d 273 (9th Cir.1984) (ruling on forum selection clause reviewable) and *Clorox v. United States Dist. Court for N. Dist. of California*, 779 F.2d 517 (9th Cir.1985) (issue of contractual waiver reviewable).

In addition, appellees rely heavily upon *J.O. v. Alton Community Unit School District 11*, 909 F.2d 267 (7th Cir.1990). There, the removed case involved a federal question claim and pendent state claims. The district court dismissed the federal question claim pursuant to Fed.R.Civ.P. 12(b)(6), which is a dismissal on the merits, *see* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3564 at 72–74, and then remanded the pendent state claims to state court. The Seventh Circuit held that the remand order was not based upon a lack of jurisdiction, but rather was an exercise of the district court's discretion not to entertain the pendent state claims, having dismissed the federal claim after ruling on the merits thereof. The court held that the remand order was not a jurisdictional ruling contemplated in § 1447(c), and therefore review was not barred under § 1447(d).[5] 909 F.2d at 270–71.

Appellees argue that the district court erred in its jurisdictional decision; they argue that there was a substantial federal question. They argue that Harris' complaint merely referred to the wrong Code section, 29 U.S.C. § 1161, *et seq.*, and that the correct Code section, 42 U.S.C. § 300bb–1, does require a government plan to give notice of lapse. As noted above, however, the fact that the district court may have erred in its jurisdictional decision does not make the remand order reviewable.

**4.** We need not address whether the district court was correct in finding that the complaint did not state a substantial federal question. Since the remand order was based on the jurisdictional grounds contained in 28 U.S.C. § 1447(c), review by this court is foreclosed under § 1447(d) even if the district court erred. *See Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (remand order not reviewable even when the district court "had employed erroneous principles in concluding that it was without jurisdiction"). To the same effect, *see Calderon v. Aerovias Nacionales de Columbia*, 929 F.2d 599, 601 (11th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991).

**5.** *Loftin v. Rush*, 767 F.2d 800 (11th Cir.1985), is apparently an application of the exception to the general rule of nonreviewability discussed in the cases cited in the text. In *Loftin*, the district court decided the merits of the federal

In this case, appellees argue that the foregoing cases create an exception to the general rule of nonreviewability when the remand order is based upon a determination of substantive law rather than upon jurisdiction. Appellees argue that the instant case is like *J.O. v. Alton Community Unit School District 11;* they argue that the district court in this case ruled on the merits of Harris' federal claim, and then remanded the pendent claims to state court. In support of their argument, appellees cite the following sentence from the district court's October 30 remand order: "Plaintiff's claim under [29 U.S.C.] § 1161 against Defendant Board ... is clearly barred under these provisions as a State insurance plan."

We need not in this case address the scope of the "substantive law" exception to the general rule of nonreviewability [6] because we conclude that the district court's remand order in this case was a jurisdictional decision and not a dismissal of the federal claim on the merits. As noted above in our discussion of *Mine Workers v. Gibbs,* in analyzing the jurisdictional issue, a court must determine whether the case involves a substantial federal question; a federal question is not substantial if it is "obviously without merit." Thus, the district court's conclusion that Harris' federal claim was "clearly barred" is consistent with our construction of the district court's order as jurisdictional. Several other aspects of the district court's order indicate that it was based upon a finding of lack of jurisdiction. The relevant discussion in the district court's order comes under the heading "JURISDICTION." In addition, at the

beginning of the order, instead of acknowledging jurisdiction, the court stated: "Jurisdiction of this Court depends, *if at all,* upon presentation of a federal question.... At issue is whether a federal claim against Defendant Board *exists.*" (emphasis added). After concluding that Harris' federal claim was "clearly barred," the district court expressly concluded that it lacked "federal question jurisdiction." Finally, the district court stated that its remand order was made pursuant to § 1447(c); this constitutes another explicit statement by the district court that its decision was based upon a lack of subject matter jurisdiction.

Thus, *J.O. v. Alton* is distinguishable. There the district court dismissed the federal claims on the merits and then exercised its discretion to remand the pendant state claims. In this case, the district court dismissed the federal claim as insubstantial, thus concluding that there was no federal question jurisdiction. This case is more like *Calderon v. Aerovias Nacionales de Columbia,* 929 F.2d 599 (11th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991) (where the district court's determination with respect to federal substantive law was intrinsic to its jurisdictional decision), in that the district court's ruling here on the federal question was the basis of its jurisdictional decision and the ruling on the federal question did not affect the substantive rights of the parties. *See also Glasser v. Amalgamated Workers Union Local 88,* 806 F.2d 1539, 1540 (11th Cir.1986) ("here the substantive law decision related to the question of jur-

---

issue and then remanded the remaining claims to state court. *Id.* at 802. This court reviewed the district court's resolution of the federal issue and affirmed with modifications. *See also Glasser v. Amalgamated Workers Union Local 88,* 806 F.2d 1539 (11th Cir.1986), where this court declined to address the "matter of substantive law" exception to the general rule of nonreviewability, because the remand order there was based upon lack of subject matter jurisdiction. The court noted that:

> The "matter of substantive law" exception ... is a narrow one: it permits appellate review of a district court remand order only where that order is based solely on a matter of substantive law. It expressly does not permit

review of a remand order based on lack of jurisdiction. *Id.* at 1540.

6. For example, we need not address the question of whether, even assuming we have no jurisdiction to review the district court's remand order, we nevertheless might have jurisdiction to review the district court's dismissal of Harris' federal COBRA claim. *See Waco,* 55 S.Ct. at 7 (holding that the district court's order dismissing a third party action was reviewable, even though the remand order was not). We need not address this question because Harris has not challenged the dismissal of her COBRA claim and does not seek to have it reinstated.

isdiction; the remand order did not affect the substantive rights of the parties").

For the foregoing reasons, we conclude that the district court's remand order was based upon its conclusion that it lacked subject matter jurisdiction. Thus, the remand order was one contemplated by § 1447(c). It follows that § 1447(d) bars review of the remand order.

### B. *Review by the District Court*

 As demonstrated in the preceding section, this court has no jurisdiction to review the remand order. Similarly, the district court had no jurisdiction to review the remand order. As the court stated in *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980): "Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration ... by the district court [of its own remand order]." In *In re La Providencia Development Corporation*, 406 F.2d 251 (1st Cir. 1969), the district court had reconsidered its remand order and had attempted to vacate the remand. The appellate court, in granting a writ of mandamus, stated:

> Removal in diversity case, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.
>
> .  .  .  .  .
>
> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing can be more inclusive than the phrase "on appeal or otherwise" [in § 1447(d)]. The district court has one shot, right or wrong.

406 F.2d at 252–53 (citations omitted). *See also* 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3739 at 588–589 (1985 & Supp. 1991). The district court in this case, having relinquished jurisdiction, could not reassert it and rule on the parties' summary judgment motions on the merits.

### III. CONCLUSION

For the foregoing reasons, we hold that neither this court nor the district court has jurisdiction to review the remand order. Since the district court had no jurisdiction to review the remand order, its subsequent grant of summary judgment in favor of appellees was also action taken in the absence of jurisdiction. Accordingly, the judgment of the district court granting summary judgment in favor of appellees is VACATED, this appeal is DISMISSED, and the case is REMANDED to the district court with instructions to remand this case to the Circuit Court of Macon County, Alabama.