[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 23, 2011
JOHN LEY
CLERK

No. 10-14699

D. C. Docket No. 2:09-cv-00735-KD-M

PEGGY BENDER,

                                        Plaintiff-Appellee,

versus

MAZDA MOTOR CORPORATION,
MAZDA MOTOR OF AMERICA, INC.,
d.b.a. Mazda North American Operations,
FORD MOTOR COMPANY, INC.,

                                        Defendants-Appellants,

JIMMY PUGH, et al.,

                                        Defendants.

Appeal from the United States District Court
for the Southern District of Alabama

(September 23, 2011)

Before DUBINA, Chief Judge, CARNES, Circuit Judge, and FORRESTER,[*] District Judge.

DUBINA, Chief Judge:

Appellants, Mazda Motor Company and Ford Motor Company ("Appellants"), appeal the district court's order denying their Rule 60(b) motion for the district court to reconsider its previous order remanding the case to state court. In support of their motion, Appellants claimed that, in light of a recent opinion issued by this court clarifying the method for calculating the amount-in-controversy requirement for subject matter jurisdiction, the district court had jurisdiction over the case. The district court denied the motion to reconsider because the case had been remanded to state court and was no longer pending in federal court. We affirm.

## I.

On June 18, 2009, Plaintiff-Appellee Peggy Bender ("Appellee"), brought an action on behalf of decedent in the Circuit Court of Wilcox County, Alabama, pursuant to the Alabama Wrongful Death Act. Appellee alleged that the decedent was injured and eventually died as a result of a defective airbag system in

---

[*]Honorable J. Owen Forrester, United States District Judge for the Northern District of Georgia, sitting by designation.

2

Appellee's Mazda Miata. Appellee brought claims against Appellants and against Jimmy Pugh and J&G Auto Sales for selling a defective vehicle.

On November 10, 2009, Appellants removed the lawsuit to federal district court in the Southern District of Alabama. They argued that diversity jurisdiction was satisfied because (1) Pugh and J&G Auto Sales were not proper defendants; and (2) the amount-in-controversy exceeded $75,000.00. Appellee filed a motion to remand and asserted there was insufficient evidence to establish that the amount-in-controversy exceeded $75,000.00, under the rule established by this court in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Appellants responded that jurisdiction was proper based on the disposition in a factually similar case, *Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995 (M.D. Ala. 2009), that was awaiting a decision on appeal to this court. In *Roe*, the estate of a passenger who was killed in a car accident allegedly caused by a defective tire, brought a products liability and wrongful death action against the tire manufacturer in state court. The estate sought an unspecified amount of damages under Alabama's wrongful death act. *Id.* at 997. The tire manufacturer timely removed the lawsuit to federal court based on diversity jurisdiction. *Id.* The estate filed a motion to remand, alleging that the manufacturer failed to show, by a preponderance of the evidence, that the $75,000.00 amount-in-controversy

3

requirement was satisfied. *Id.* The district court denied the motion to remand, finding that, even though the jurisdictional amount was not stated in the pleadings before the court, it was "readily deducible" and "clear" from the facts alleged in the complaint that the amount-in-controversy requirement was met. *Id.* at 998.

In the present case, relying on *Roe*, Appellants asked the district court to deny the remand motion, or alternatively, stay the ruling on the motion to remand until this court issued an opinion in the *Roe* appeal. In February 2010, the district court denied the motion to stay and remanded the lawsuit to state court. In August 2010, this court affirmed the district court in *Roe*. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010). According to Appellants, this court's affirmance gave the district court jurisdiction over their case. Within 30 days of this court's decision in *Roe*, Appellants filed a Rule 60(b)(6) motion to reconsider in light of new circuit precedent. The district court denied the motion to reconsider its prior remand order because the case had been remanded to state court, and the court determined that it no longer had jurisdiction.

II.

We review the denial of a Rule 60(b) motion for abuse of discretion. *See Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 905 (11th Cir. 1998). Issues of federal subject matter jurisdiction are subject to *de novo*

4

review. *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1333 (11th Cir. 1999).

III.

Appellants contend the district court erred in denying their Rule 60(b) motion to reconsider its previous order remanding the case to state court. To support their argument, Appellants refer to *Ritter v. Smith*, 811 F.2d 1398 (11th Cir. 1987), interpreting the appropriate application of Rule 60(b)(6) when, as Appellants allege, there has been a mistake in the application of the law. The *Ritter* court set forth four factors to be considered in determining whether to vacate an order or judgment: (1) has the judgment been executed or what is the prospective effect of the original order; (2) has there been only minimal delay in the filing of the Rule 60(b)(6) motion and what intrusion will it have upon the case; (3) is there a close relationship between the case with the newly decided law, (here *Roe*), and the present action; and (4) are there considerations of comity. *Ritter*, 811 F.2d at 1401–03. Appellants contend that these factors as a whole point to the conclusion that Appellants should be provided relief from the district court's remand order in light of this court's opinion in *Roe*.

Appellees argue that the specific provisions of 28 U.S.C. §1447(d) trump the general provisions of Rule 60(b)(6), relying on *Harris v. Blue Cross/Blue*

*Shield of Alabama, Inc.*, 951 F.2d 325 (11th Cir. 1992). Alternatively, Appellees contend that regardless of the *Ritter* test, the district court properly denied the Rule 60(b)(6) motion. Appellees aver that even if the amount-in-controversy requirement was met, Appellants failed to prove fraudulent joinder of one of the defendants, which was necessary for diversity jurisdiction. Finally, Appellees argue that Appellants' removal was not timely and thus, the district court's decision denying the Rule 60(b)(6) motion should be affirmed.

We conclude that this case is controlled by *Harris*, and, therefore, do not address Appellee's alternative arguments. In *Harris*, the underlying suit was originally filed in state court and included several state law claims, along with a claim pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), for failure to provide notice regarding the lapse of state employees' group health insurance. 951 F.2d at 327. The *Harris* defendants timely removed the case to federal court on the basis of federal question jurisdiction. *Id.* at 326. The *Harris* plaintiff filed a motion to remand and shortly thereafter moved to amend the complaint by deleting the COBRA claim. *Id.* In considering whether the COBRA claim was substantial enough to support pendent jurisdiction, the district court determined that certain ERISA provisions barred the claim. For that reason, the court dismissed the COBRA claim and remanded the remaining state

law claims to state court, pursuant to 28 U.S.C. §1447(c), which requires that, "if at any time before final judgment it appears the case was removed . . . without jurisdiction, the district court shall remand the case . . . ." *Id.* at 326–27 & n.2. Following procedure, the clerk's office sent a certified copy of the remand order to the state court. *Id.* at 326. The following day, the *Harris* defendants filed in federal court a motion to reconsider the remand order. *Id.* One month later, the district court granted the motion, set aside its remand order, and reasserted jurisdiction over the case. *Id.* Nearly six months later, the district court granted defendants' summary judgment motion. *Id.* The plaintiff timely appealed the district court's grant of summary judgment. *Id.*

On appeal, this court held that the district court was incorrect in reasserting jurisdiction over the action once it had been remanded to state court and, hence, erred when it ruled on the summary judgment motion. *Harris*, 951 F.2d 325. We found that neither this court nor the district court had jurisdiction to revisit that court's initial order remanding the case to state court pursuant to 28 U.S.C. §1447(d). *Id.* Section 1447(d), entitled "Procedure after removal generally," provides, "An order remanding a case to the State court from which it was

7

removed is not reviewable on appeal or otherwise . . . ."[1] In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S. Ct. 584 (1976), the Supreme Court clarified that §1447(d) applies only to remand orders issued pursuant to §1447(c), which deals with remands based on the district court's lack of subject matter jurisdiction over the removed case. 423 U.S. at 346. Expanding on that doctrine, the court in *Harris* adopted the position accepted by an overwhelming majority of our sister circuits that, "Unquestionably, §1447(d) not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Harris*, 951 F.2d at 330 (alterations incorporated)(quoting *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112 (4th Cir. 1979), *cert. denied*, 445 U.S. 911, 100 S. Ct. 1090 (1980)); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case."); *Seedman v. U.S. Dist. Court for the Cent. Dist. Of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("[Section 1447(d)] has been universally construed to preclude not only appellate review but also reconsideration by the district court."). Therefore, because the district court's remand order was based on § 1447(c), this court

---

[1] Section 1447(d) creates an exception, not applicable in this case, to the general rule for appeals from orders "remanding a case . . . removed pursuant to [28 U.S.C. §1443]." Neither *Harris* nor this case falls within the exception, which applies in certain civil rights cases.

concluded that neither it nor the district court had jurisdiction to revisit that order pursuant to § 1447(d). *Harris*, 951 F.2d at 330.

In this case, Appellants attempt to distinguish *Harris* in three ways. First, Appellants contend that the motion to reconsider in the *Harris* case was not a Rule 60 motion, but rather a general motion to reconsider. Though it is not clear from the text of the opinion the legal basis for the *Harris* motion, Rule 60(b)(6) contains a general catch-all provision for "any other reason that justifies relief." Further, the *Harris* court was unconcerned with the nature of the motion to reconsider, but instead focused on the direct language of §1447(d) prohibiting any review of a remand order "by appeal or otherwise." Ultimately, there is no evidence that the decision in *Harris* was founded on the particular basis for review.

Second, Appellants allege that, unlike *Harris*, in this case there was a pending request for stay based on the outcome of the *Roe* case. Appellants incorrectly allege that because of the pending motion to stay, this court can circumvent the finality of the "by appeal or otherwise" language in §1447(d). The finality of §1447(d) does not allow any sort of loophole for any pending motions. Even if the request for a stay had any bearing in this situation, it would not matter in this case because the district court denied the motion to stay.

Finally, Appellants contend that, unlike *Harris*, the remand order in this case was legally erroneous. This is irrelevant.[2] In *Harris* we expressly declined to pass on whether the district court's remand order was legally correct. *Harris*, 951 F.2d at 328 n.4 ("We need not address whether the district court was correct in finding that the complaint did not state a substantial federal question. Since the remand order was based on the jurisdictional grounds contained in 28 U.S.C. 1447(c), review by this court is foreclosed under §1447(d) even if the district court erred."). Thus, even if the district court erroneously remanded the case to state court, §1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case. The case has been removed to state court and that is where it will stay.

IV.

For the foregoing reasons, the district court's denial of Appellants' Rule 60(b) motion is hereby affirmed.

**AFFIRMED.**

---

[2] Appellants are incorrect in their reliance on the effect of *Roe* in these circumstances. The *Roe* case changed circuit precedent on cases brought based on the first paragraph of 28 U.S.C. §1446(b); however, this case is based on the second paragraph of 28 U.S.C. §1446(b), which deals with cases that are not removable from the initial pleading, but become removable at a later date through "a copy of an amended pleading, motion, order, or other paper." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010) (quoting 28 U.S.C. §1446(b)).