[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14460
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22434-FAM

WACHOVIA MORTGAGE FSB,
f.k.a. World Savings Bank,

Plaintiff-Counter Defendant-Appellee,

versus

CARIDAD MARQUEZ,

Defendant-Counter Claimant-Appellant,

TENANT #1, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 28, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Wachovia Mortgage FSB ("Wachovia") brought a mortgage foreclosure action against Caridad Marquez in the Circuit Court for Miami-Dade County, Florida. After the Circuit Court entered a final order of foreclosure, Marquez removed the case to the United States District Court for the Southern District of Florida. Upon Wachovia's motion, the District Court remanded the case to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Marquez then filed post-remand motions (1) requesting a temporary restraining order, (2) filing objections to the remand order, (3) seeking to amend her civil cover sheet, and (4) requesting to cancel the order to remand the case under Federal Rule of Civil Procedure 60 (the "motion to cancel"). In three separate orders, the court denied these post-remand motions.

Marquez, proceeding *pro se*, now appeals. Wachovia moved this court to dismiss the appeal for lack of appellate jurisdiction. We granted that motion in part, but concluded that we retained jurisdiction only to review whether the District Court had jurisdiction to consider Marquez's post-remand motions.

We review issues of federal subject matter jurisdiction *de novo*. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1202 (11th Cir. 2011). Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil case be

2

filed within 30 days after entry of the judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  "[T]imely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Subsection (d) of § 1447 states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."  28 U.S.C. § 1447(d).[1]  "[O]nly remand orders issued under [28 U.S.C.] § 1447(c) and invoking grounds specified therein like subject matter jurisdiction or untimely removal are immune from review under § 1447(d)."  *In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998) (brackets omitted) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976)).  Section 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order."  *Bender*, 657 F.3d at 1203.  Section 1447(d)'s limitation on review applies whether or not the remand order was erroneous.  *Id.* at 1204.

---

[1]  Section 1447(d) contains two exceptions allowing review of remand orders in certain civil rights actions and in cases against federal officers or agencies.  28 U.S.C. § 1447(d).  Neither of these exceptions is relevant here.

In *Bender*, we affirmed the District Court's denial of a post-remand Rule 60(b) motion because the District Court lacked jurisdiction after remanding the case to the state court. *Id.* at 1204. Moreover, in *Loudermilch*, we held that the court exceeded its jurisdictional authority by granting a post-remand motion for reconsideration. *Loudermilch*, 158 F.3d at 1144, 1147.

As a preliminary matter, Marquez's notice of appeal was timely filed only as to the District Court's order denying her motion to cancel. *See* Fed. R. App. P. 4(a)(1)(A). Marquez filed her notice of appeal 30 days after the entry of the order denying the motion to cancel, but more than 30 days after the orders denying (1) her request for a temporary restraining order and objections to the remand order and (2) her request to amend her civil cover sheet. Therefore, as to these two orders, we lack jurisdiction. *See Bowles*, 551 U.S. at 214, 127 S.Ct. at 2366.

The District Court's denial of Marquez's motion to cancel was proper because the court lacked jurisdiction to grant the motion. The court explicitly remanded the case to state court based on a lack of subject matter jurisdiction. Thus, following entry of this order, the court lacked jurisdiction to reconsider the remand order. *Bender*, 657 F.3d at 1204; *Loudermilch*, 148 F.3d at 1147. Although the order denying Marquez's motion to cancel did not set forth the grounds for the denial, and thus did not state specifically that the court lacked jurisdiction, the court's summary denial resulted in the correct outcome. *See*

4

*Bender*, 657 F.3d at 1204; *see also Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010) ("The district court's decision may be affirmed if the result is correct, even if the [district] court relied upon an incorrect ground or gave a wrong reason.").

AFFIRMED, in part; DISMISSED, in part.