[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14307
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-01750-CEH-DAB


WACHOVIA MORTGAGE FSB,

                                                                Plaintiff-Appellee,

versus

KELLY K. BROWN,

                                                                Defendant-Appellant,

THE UNKNOWN SPOUSE OF KELLY K. BROWN, et al.,

                                                                Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 15, 2015)

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Kelly Brown, appearing pro se, appeals the district court's order remanding the foreclosure action filed against her by Wachovia Mortgage FSB to Florida state court and its order denying her motion for reconsideration of that order.[1]  After Brown had removed the action to federal court based on 28 U.S.C. §§ 1441 and 1443, the district court remanded to state court for lack of subject-matter jurisdiction.  The district court also denied her motion for reconsideration, rejecting her arguments that (1) the court failed to address a "core issue"; (2) removal was proper; and (3) there was newly discovered information in the form of a newly decided case by this Court.  We affirm.

## I.

We do not have jurisdiction to hear Brown's claim that remand was improper because the district court had jurisdiction under § 1441.  Remand orders are not reviewable on appeal unless the case was originally removed under section

---

[1] Contrary to Wachovia's argument on appeal, Brown's notice of appeal was not untimely as to the remand order.  Brown moved for reconsideration eight days after the district court entered its remand order, and she filed her notice of appeal seven days after the court denied the reconsideration motion.  Because the motion for reconsideration stopped the clock to file a notice of appeal, Brown timely appealed both the remand order and the denial of her motion for reconsideration.  See Fed. R. App. P. 4(a)(1)(A), (a)(4).

1442 or 1443.  28 U.S.C. § 1447(d).[2]  Here, Brown alleged in her removal notice

that the district court had removal jurisdiction pursuant to 28 U.S.C. §§ 1441 and

1443.  We may only review Brown's claim that removal was proper under § 1443.

See Alabama v. Conley, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001) (per curiam)

(dismissing appeal of a remand order to the extent it challenged the district court's

removal jurisdiction under § 1441, but evaluating jurisdiction under § 1443).  And

for the same reason, the district court did not have jurisdiction to address the merits

of Brown's motion for reconsideration to the extent that it went beyond removal

under § 1443.  See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 (11th Cir.

2011) (concluding that § 1447(d) bars the district court from reconsidering its

remand order).  We dismiss Brown's claim challenging remand and vacate the

district court's denial of Brown's motion for reconsideration to the extent it

reaches beyond the issue of whether removal was proper under § 1443.

## II.

We do have jurisdiction to review Brown's argument that remand was

improper because the district court had jurisdiction under § 1443.  Under § 1443, a

defendant may remove a civil action that: (1) is "[a]gainst any person who is

denied or cannot enforce" in state court "a right under any law providing for the

---

[2] Our jurisdiction to consider remanded cases which were removed under § 1441 is only to correct the district court's error in wrongly concluding that it had jurisdiction.  Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1298 (11th Cir. 1999).

3

equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; or (2) is "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

To remove an action under § 1443, the removal "petitioner must show that the right upon which [she] relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Conley, 245 F.3d at 1295 (quotation omitted). A defendant's reliance on broad constitutional or statutory provisions does not support removal under § 1443 when those provisions "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." Georgia v. Rachel, 384 U.S. 780, 792, 86 S. Ct. 1783, 1790 (1966) (referring to the First Amendment and the Due Process Clause of the Fourteenth Amendment).

Brown did not show that the Florida courts denied her a federal right stated in terms of racial equality. She argued in her removal notice that her due process rights were violated when the state court ignored her removal to tribal court and incorrectly entered summary judgment against her. While Brown does assert that she was denied her civil rights based on her race, the Due Process Clause of the Fourteenth Amendment is "phrased in terms of general application available to all citizens" and cannot form the basis of removal under § 1443. Rachel, 384 U.S. at

4

792, 86 S. Ct. at 1790.  The district court did not err by remanding her case for lack of removal jurisdiction.  Neither did it err by denying her motion for reconsideration of that portion of the remand order.  We affirm the district court's remand order and denial of Brown's motion for reconsideration to the extent that they address removal jurisdiction under § 1443.

**DISMISSED IN PART, VACATED IN PART, AND AFFIRMED IN PART.**