[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-12898
Non-Argument Calendar
_____

D.C. Docket No. 6:19-cv-00885-RBD-GJK

LINDA A. NASH,

Plaintiff-Appellant,

RICHARD M. ANNETTE,

Plaintiff,

versus

STATE OF FLORIDA FIFTH DISTRICT COURT OF APPEALS,
RICHARD B. ORFINGER,
WENDY W. BERGER,
JAMES A. EDWARDS,
BRIAN D. LAMBERT, et al.,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 1, 2020)

Before JORDAN, NEWSOM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Linda Nash appeals the district court's dismissal of her amended complaint under 42 U.S.C. § 1983 alleging that the defendants, five judges on Florida's Fifth District Court of Appeal (the "judges"), violated her civil rights by ruling against her in a state foreclosure proceeding, as well as the district court's subsequent denial of her motion for reconsideration of the dismissal order. On appeal, Nash argues that the district court erred by concluding that it lacked subject matter jurisdiction over her amended complaint pursuant to the *Rooker-Feldman* doctrine.[1] The judges have moved for dismissal based on a lack of appellate jurisdiction or, in the alternative, for summary affirmance, and to stay the briefing schedule. Nash has moved for leave to file a supplemental response to the judges' motion.[2]

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] We GRANT Nash's motion for leave to file, and we considered her supplemental response in the disposition of the judges' motion.

frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is without arguable merit either in law or fact. *See Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

We review questions of our jurisdiction *de novo*. *See Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). We have appellate jurisdiction to review the district court's determination that it lacked subject matter jurisdiction, including a determination that the *Rooker-Feldman* doctrine bars review. *See Boyd v. Home of Legend, Inc.*, 188 F.3d 1294, 1297-1300 (11th Cir. 1999); *Doe v. Fla. Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011).

We review *de novo* the district court's decision that the *Rooker-Feldman* doctrine deprives it of subject-matter jurisdiction. *See May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017). We review the denial of a Fed. R. Civ. P. 60(b) motion for an abuse of discretion. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1202 (11th Cir. 2011).

Under the *Rooker-Feldman* doctrine, federal district courts and courts of appeals do not have jurisdiction to review state-court decisions. *May*, 878 F.3d at 1004. The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quotation marks omitted). The doctrine applies to federal claims

3

raised in state court and to those inextricably intertwined with the state court's judgment. *Id.* at 1004–05. It does not apply where a party did not have a reasonable opportunity to raise her federal claim in state proceedings. *Id.* at 1005.

A claim is inextricably intertwined if it would "effectively nullify" the state court judgment, or if it "succeeds only to the extent that the state court wrongly decided the issues." *Id.* (quotation marks omitted). Even if the federal case is not styled as an appeal of the state-court judgment, it falls within *Rooker-Feldman* if the claim challenges the state-court decision itself, rather than the statute or law underlying that decision. *Id.*

Other circuits have recognized an exception to the *Rooker-Feldman* doctrine where the state-court judgment is void *ab initio* due to the state court's lack of jurisdiction, but we have not adopted that exception. *See Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009).

To succeed on appeal from the denial of a Rule 60(b) motion, the appellant must demonstrate a justification so compelling that the district court was required to vacate its order. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

Here, as an initial matter, we have jurisdiction to review the district court's determination that it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Boyd*, 188 F.3d at 1297–1300; *Doe*, 630 F.3d at 1340.

4

Accordingly, the judges' motion to dismiss for lack of jurisdiction is due to be denied.

Moving to their motion for summary affirmance, the judges' arguments are clearly correct as a matter of law, and there is no substantial question as to the outcome of this appeal. *See Davis*, 406 F.2d at 1162. Liberally construed, Nash argues on appeal that, in her amended complaint, she identified two due-process violations arising from the state-court proceedings: (1) the entry of the foreclosure judgment before she could present her affirmative defenses; and (2) the judges' application of the law-of-the-case doctrine to bar her from presenting argument on that issue in her second appeal. The district court did not err by concluding that the *Rooker-Feldman* doctrine barred both of these claims.

First, to the extent that Nash alleged that the entry of the foreclosure judgment deprived her of due process, it is clear as a matter of law that the district court correctly concluded that her claim fell squarely within *Rooker-Feldman*, as she concededly raised this issue without success at every level of the state court during the foreclosure proceedings. *May*, 878 F.3d at 1004–05. Federal review of this issue would be nothing more than review of a federal claim already raised and rejected in state court, which is exactly what the *Rooker-Feldman* doctrine bars. *See id.*

As to the second claim, which Nash argues could not have been raised in the state court because it was not available until the judges applied the law-of-the-case

5

doctrine to bar her claim, the district court correctly concluded that a ruling in Nash's favor would "effectively nullify" the state-court judgment. *See id.* at 1005. The only way for a federal court to conclude that the second appellate decision violated Nash's due process rights would be to find that it was improper for the judges to apply the law-of-the-case doctrine to Nash's claims—in other words, that the state court wrongly decided the issues. *See id.* Thus, it is clear as a matter of law that Nash's claim that the judges' ruling in the second appellate decision violated her due process rights is inextricably intertwined with the state court's judgment and, therefore, is barred by the *Rooker-Feldman* doctrine. *See id.*

Next, to the extent that Nash argues that the *Rooker-Feldman* doctrine does not apply because the state-court judgment was void, we have not found such an exception to exist. *See Casale*, 558 F.3d at 1261. However, this does not create an issue that would warrant denying summary affirmance here, because Nash does not challenge the state court's jurisdiction to enter the judgments against her. *See id.* Rather, she argues that the state-court judgments were void because the state court incorrectly applied state law. Such a finding would necessarily be a finding that the state court wrongly decided the issues, which *Rooker-Feldman* bars us from doing. *See May*, 878 F.3d at 1005.

Finally, because she does not show any error by the district court in dismissing her amended complaint, Nash cannot make a meritorious argument that a compelling

justification existed for the district court to grant her Rule 60(b) motion.  *See Cano*, 435 F.3d at 1342.  Thus, any argument that the district court abused its discretion by denying her Rule 60(b) motion would be frivolous.  *See Preslicka*, 314 F.3d at 531.

In conclusion, because we have jurisdiction to review the district court's orders, the judges' motion to dismiss is DENIED.  Because the judges' arguments in their motion for summary affirmance are clearly correct as a matter of law and there is no substantial question as to the outcome of the appeal, their motion for summary affirmance of the district court's order is GRANTED.  Accordingly, the motion to stay the briefing schedule is DENIED as moot.