[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13467
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-61019-FAM

GARRY COLEMAN,

Plaintiff - Appellant,

versus

FLORIDA DEPARTMENT
OF CHILDREN & FAMILIES, et al.,

Defendants,

DR. JOHANNA GUERRERO,
RITA WATSON,
DAVID WILKINS,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2020)

Before WILLIAM PRYOR, Chief Judge, BRANCH and LUCK, Circuit Judges.

PER CURIAM:

Garry Coleman appeals *pro se* the denial of his motion to set aside a final judgment entered against his complaint that the defendants violated his civil rights. 42 U.S.C. § 1983. He argues that the district court abused its discretion in denying his motion to set aside, Fed. R. Civ. P. 60(b)(1), its earlier summary judgment against him because it failed to consider his own cross-motion for summary judgment. We affirm.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1202 (11th Cir. 2011). The harmless error rule instructs courts to "disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61; *see also Parrott v. Wilson*, 707 F.2d 1262, 1266 n.8 (11th Cir. 1983). Under Rule 60(b)(1), a court may relieve a party of a final order or judgment because of "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1).

The standard of review for a summary judgment—that is, *de novo*—remains the same regardless of the filing of a cross-motion. *See Gerling Global Reinsurance Corp. of Am. v. Gallagher*, 267 F.3d 1228, 1233 (11th Cir. 2001). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The district court did not abuse its discretion in denying Coleman's motion. We earlier *sua sponte* dismissed as frivolous Coleman's appeal of the summary

2

judgment against him. As a matter of law, the summary judgment in favor of the defendants necessarily meant that Coleman was not entitled to summary judgment in his favor.

**AFFIRMED.**