[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12925

Non-Argument Calendar

_____

In re: ORLANDO GATEWAY PARTNERS, LLC,

Debtor,

CHITTRANJAN K. THAKKAR,
BKGD, LLC,
ORLANDO GATEWAY, LLC,

Plaintiffs-Appellants,

*versus*

GOOD GATEWAY, LLC,
SEG GATEWAY, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00496-GAP

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

On appeal, Chittranjan Thakkar, BKGD, LLC, and Orlando Gateway, LLC (Appellants) argue that the bankruptcy court's March 2021 order granting reconsideration of a transmittal order is void because the bankruptcy court was divested of jurisdiction in March 2020 pursuant to 28 U.S.C. § 1447. Both the bankruptcy court and district court found Appellants' jurisdictional arguments lacked merit. Following review of the briefs and applicable law, we find that the bankruptcy court properly exercised its jurisdiction over the order at issue. Discerning no error, we affirm the bankruptcy court's order.

We review de novo whether a bankruptcy court has jurisdiction over a case. *Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005) (per curiam). Upon review of the briefs, record, and applicable law, Appellants' arguments fail under the plain text of § 1447. Under § 1447, a federal court is barred from reconsidering its own remand order. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not

21-12925                Opinion of the Court                3

reviewable on appeal or otherwise[.]"); *see also, e.g., Harris v. BCBS*, 951 F.2d 325, 330 (11th Cir. 1992) (providing that § 1447(d) bars both appellate review and reconsideration by a federal court of its own remand order).  The statute, however, does not provide that reconsideration of other types of orders, such as an order granting a motion to reconsider a transmittal order, are barred from review.  Reading the statute in such a way would impermissibly extend the reach of its text.  *See Reeves v. Astrue*, 526 F.3d 732, 734 (11th Cir. 2008) (reiterating that "[s]tatutory interpretation begins and ends with the text of the statute so long as the text's meaning is clear.").  The other authorities cited by Appellants likewise provide no basis to find the order at issue void for lack of jurisdiction.

In conclusion, there is no basis to conclude that § 1447 jurisdictionally barred the bankruptcy court from hearing, considering, or granting a motion to reconsider a transmittal order.  For the reasons stated, the bankruptcy court's challenged order is **AFFIRMED**.