[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14225

Non-Argument Calendar

_____

DEUTSCHE BANK TRUST COMPANY AMERICAS,
as Trustee,

                                                      Plaintiff-Appellee,

*versus*

CHRISTOPHER M. HUNT,
and All Others,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:22-cv-01173-MHC

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher M. Hunt, appealing *pro se*, challenges the district court's denial of his motion to recall the remand to state court of an action filed by Deutsche Bank Trust Company Americas ("DBTCA") against him arising out of foreclosure proceedings against Hunt's home, which Hunt removed to federal court before the district court *sua sponte* remanded for lack of subject matter jurisdiction. DBTCA moved to dismiss Hunt's appeal of the denial, arguing that we lack jurisdiction to review the district court's denial of Hunt's motion to recall the remand because it was effectively a challenge to the unreviewable remand order. We dismissed Hunt's appeal to the extent that he sought review of the original remand order and carried DBTCA's motion with the case to the extent that Hunt sought review of the district court's order denying his motion to recall the remand. On appeal, Hunt argues that the district court erred in denying his motion because the state court had no jurisdiction over his claims, DBTCA defrauded the court in manufacturing state jurisdiction, Hunt presented constitutional issues that must be decided in federal court, and DBTCA lacks standing to be in any court.

We review *de novo* "a district court's interpretation and application of statutory provisions that go to whether the court has

22-14225                Opinion of the Court                3

subject matter jurisdiction." *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002).

Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, only remand orders issued under 28 U.S.C. § 1447(c) are immune from review under § 1447(d). *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714-15 (1996); *see also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095-96 (11th Cir. 1997). Remands for which review is barred under § 1447(c) include remands based on lack of subject matter jurisdiction and remands based on a defect in the removal procedure. 28 U.S.C. § 1447(c); *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001).

When a district court remands a case to state court for lack of subject matter jurisdiction, it cannot review its decision by entertaining a motion for reconsideration. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 (11th Cir. 2011) (holding that § 1447(d) prohibits a district court from reconsidering its remand order because the district court no longer had jurisdiction over the case); *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) (holding that the district court could not reconsider its remand order because it was based on § 1447(c)).

In *In re Loudermilch*, 158 F.3d 1143 (11th Cir. 1998), we held that, while § 1447(d)'s prohibition on appellate review of remand orders was "strict," we nevertheless had jurisdiction to rule on a

post-remand mandamus petition because the petition did not involve a review of the remand order itself but was instead "an assessment of the district court's jurisdiction to have reviewed or reconsidered" the remand order. *Id*. at 1145 n.2. Likewise, in *Bender*, we affirmed a district court's denial of a motion for reconsideration of its prior order remanding the case for lack of subject matter jurisdiction. *Bender*, 657 F.3d at 1201–04.

Here, while we have jurisdiction to review the district court's denial of Hunt's motion to recall the remand to state court, the district court did not err in finding that it lacked subject matter jurisdiction to reconsider the remand order because it remanded to state court due to lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c)–(d); *Bender*, 657 F.3d at 1202-04; *Harris*, 951 F.2d at 330.

**AFFIRMED.**[1]

---

[1] Hunt's motions "For Leave to File Supplemental Brief of New Supreme Court Ruling and Appellees Fraud on Courts" and "For Leave to File Additional Supplemental Brief Requesting Appellees Prove Standing in Court with Additional Fraud on Courts" are DENIED.