**In Re: Wayne LOUDERMILCH, et al., Petitioners.**

No. 98–6295.

United States Court of Appeals, Eleventh Circuit.

Oct. 26, 1998.

---

Todd S. Strohmeyer, Mobile, AL, for Petitioners.

Forrest S. Latta, W. Pemble DeLashmet, Mobile, Al, for New England.

Brevard Hand, Mobile, AL, for Drennen.

Before EDMONDSON and BIRCH, Circuit Judges, and MORAN*, Senior District Judge.

PER CURIAM:

This controversy is about removing cases from state courts. Petitioners seek a writ of mandamus to effectuate either one or both of the district court's two remand orders. Because the district court lacked subject matter jurisdiction to reconsider its most recent remand order, we grant the writ.

### Background

Petitioners Wayne and Anne Loudermilch filed suit in the Circuit Court of Mobile County, Alabama, against respondents, New England Life Insurance Company, New England Mutual Life Insurance Company, and Metropolitan Life, alleging that the respondents fraudulently induced them to purchase a life insurance policy. Petitioners asserted only state tort-law claims in their complaint.

Respondents filed a petition for removal of the case to federal district court, claiming that petitioners' state law claims were preempted by the statutory remedies authorized by Congress under the civil enforcement provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132 (1994). Respondents thereby sought to invoke federal jurisdiction under 28 U.S.C. § 1331 (1994). In October 1996, the district court said that ERISA did not preempt petitioners' claims and, accordingly, remanded the case to the Alabama state court.

In October 1997, after a year of discovery in the state court, respondents filed a second notice of removal, again claiming that ERISA preempted petitioners' state law claims. Respondents alleged the discovery of new facts to support their preemption argument and removal petition. By a March 1998 order, the district court—again explaining that ERISA preemption did not exist—remanded the case to state court. And, for the second time, the case—that is, the record, a certified copy of the remand order and so on—was physically returned to the state court.

As a final attempt to be heard in federal court, respondents then filed a motion for the district court to reconsider the second remand order. With no cause of action pending before it, the district court granted respondents' motion to reconsider and vacated its March 1998 remand order. The court determined that ERISA did preempt petitioners' claims and, thus, the case was removable to federal court. The court directed respondents to file the order in the Alabama state court and to request the clerk for the state court to return the file to the United States District Court. Before us now is petitioners' petition for writ of mandamus requiring the district court judge to remand the case to state court.

---

* Honorable James B. Moran, Senior U.S. District Judge for the Northern District of Illinois, sitting by designation.

*Discussion*

 Our authority to issue a writ of mandamus pursuant to 28 U.S.C. § 1651 is to be exercised only in exceptional circumstances, "when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *In re Temple,* 851 F.2d 1269, 1271 (11th Cir.1988). Lack of jurisdiction is one such exceptional circumstance and is a recognized basis for granting the writ. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) ("[T]he writ has traditionally been used in the federal courts only *to confine an inferior court to a lawful exercise of its prescribed jurisdiction* or to compel it to exercise its authority when it is its duty to do so.") (internal quotations omitted) (emphasis added).

Federal law directs a district court to remand a case to state court when it determines the case was improvidently removed: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded .... The State court may thereupon proceed with [the] case." 28 U.S.C. § 1447(c). Section 1447(d) then provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...." 28 U.S.C. § 1447(d).[1] Interpreting section 1447(d), the Supreme Court has written that "only remand orders issued under § 1447(c)

and invoking grounds specified therein [like subject matter jurisdiction or untimely petition for removal] are immune from review under § 1447(d)." *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

Section 1447(d) limits the authority of federal district and appellate courts to review remand orders. "If the lower court acted on the basis of § 1447(c), review is barred 'whether or not that order might be deemed erroneous by an appellate court.'" *Division of Archives, History & Records Management v. Austin,* 729 F.2d 1292, 1293 (11th Cir.1984) (quoting *Thermtron,* 423 U.S. at 351, 96 S.Ct. 584); *see also New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1096 (11th Cir.1997) ("Cases remanded for lack of jurisdiction are immune from review even if the district court's decision is clearly erroneous.").[2]

 Thus, if the district court remands a case based on reasons set forth in section 1447(c), no review may be had: whether the district court's decision was correct or not makes no difference.[3] We, therefore, engage in no analysis of the respondents' ERISA preemption argument because it relates only to the merits of the district court's remand and reconsideration orders. The only issue before us is whether the district court acted appropriately in reconsidering the second remand order.[4]

---

1. The only exception allowed by the statute is addressed to certain civil rights cases and is not applicable here. *See* § 1447(d) (referring to 28 U.S.C. § 1443).

2. The prohibition on review of remand orders is strict. For example, if the district court had not attempted to reassert jurisdiction in this case upon respondents' motion for reconsideration and if the respondents had sought an appeal, we would lack jurisdiction to review the second remand order. *See Harris v. Blue Cross/Blue Shield of Alabama, Inc.,* 951 F.2d 325, 327 (11th Cir.1992) ("[I]f the trial judge remands because the court 'lacks subject matter jurisdiction,' as specified in § 1447(c), his order is not subject to review in this court by appeal, mandamus, or otherwise."). But here, we have jurisdiction to rule on the petition for mandamus because this case is no review of the second remand order, but an assessment of the district court's jurisdiction to have reviewed or reconsidered the second

remand. We, therefore, stress that we address neither the merits of the respondents' preemption argument (and by extension the correctness of the remand orders) nor the act of the district court in hearing the second notice of removal.

3. In enacting section 1447(d), Congress contemplated that district courts might make erroneous remand decisions. The statute's approach respects the province of both the district courts (because their orders are not reviewable by federal appellate courts) and the state courts (because the statute is intended to prevent a case from repeatedly ricocheting in and out of state court based on the most recent determinations of a federal court). This approach also prevents a waste of state and federal judicial resources.

4. In addition, the issue of whether the district court had jurisdiction to rule on respondents' second notice of removal is not material to today's decision.

■ The parties dispute whether the remand was pursuant to section 1447(c). Relying on *Thermtron,* respondents argue that this case was not remanded pursuant to section 1447(c); they say the district court resolved substantive issues of the case, not jurisdictional issues. According to respondents, the district court's decision was a matter of substantive law, affecting the substantive rights of the parties, and was not a decision falling within section 1447(c).

The district court's remand order was within the bounds of section 1447(c). ERISA preemption was the only ground for invoking federal question jurisdiction asserted by respondents in their removal notice. And, petitioners moved for remand pursuant to grounds authorized by section 1447(c). In its 1998 order, the district court wrote that ERISA did not preempt petitioners' state law claims. So, the court remanded the case to state court because, absent the federal question of ERISA, no subject matter jurisdiction existed in the district court. Lack of subject matter jurisdiction is one of the specifically enumerated grounds for remand in section 1447(c). Thus, though the district court did not cite section 1447(c) in its remand order, that statute was the basis for its decision. *See also New,* 114 F.3d at 1096 (interpreting *Thermtron* and stating "[a] district court must openly state its reliance on grounds other than those contained in section 1447(c) to permit review of the remand order.").

■ The "matter of substantive law" exception asserted by respondents does not apply in this case. The exception "is a narrow one: it permits ... review of a district court order only where that order is based *solely* on a matter of substantive law. It expressly does not permit review of a remand order based on lack of jurisdiction." *Glasser v. Amalgamated Workers Union,* 806 F.2d 1539, 1540 (11th Cir.1986) (per curiam) (emphasis added) (citations omitted). We have already considered the nature of ERISA-preemption decisions made in the course of a defendant's attempt to remove a case to federal court; we have determined that, where the ultimate question is about

jurisdiction, review is improper. *Id.* at 1540–41.

In this case, as in *Glasser,* "the substantive law decision related to the question of jurisdiction." *Id.* at 1540; *see also Calderon v. Aerovias Nacionales de Colombia,* 929 F.2d 599, 602 (11th Cir.1991) (finding that "matter of substantive law" exception was not applicable where substantive issue is intrinsic to district court's decision to remand for lack of subject matter jurisdiction). It was only the jurisdictional decision that necessitated some determination of ERISA preemption. Rejection of respondents' preemption argument was merely a step towards the conclusion that the court lacked jurisdiction. The discussion about ERISA preemption served only to explain the court's decision to remand. The remand order was based directly on the court's lack of subject matter jurisdiction.

■ Respondents argue that the state court will feel bound by the district court's statements on ERISA preemption. But, a district court's decision on the motion to remand has no preclusive effect on the state court's resolution of respondents' preemption defense in the same case. At most, the remand order is final and has preclusive potential only for the issue of the federal district court's removal jurisdiction, an issue that will likely never be before the state court. As we said in *Glasser,* "[t]he state court may in fact rule that ERISA does preempt [petitioners'] state law claims ...." 806 F.2d at 1540–41. And, because state courts have concurrent jurisdiction over actions brought under section 1132(a)(1)(B) of ERISA, *see* 29 U.S.C. § 1132(e)(1), if the state court concludes that ERISA does apply, it can still hear the case. The state court is competent to revisit the district court's determination on that issue now that the state court has been reinvested with jurisdiction.

Respondents contend that their substantive rights will be affected as a practical matter, even though the state court is not bound by the district court's decisions. They suggest that a state court will be influenced by the decisions made by a federal district court in interpreting a federal law. That

may be so; but the state court must decide for itself what it finds to be persuasive. And we do note that the most recent determination of the federal court was in respondents' favor.

Respondents lastly argue that their substantive rights will be affected because Alabama courts apply ERISA differently than do federal courts. This argument also lacks merit. The granting of concurrent jurisdiction over ERISA claims to federal courts contemplates differing interpretations of that Act. If the respondents disagree with the application of the Act by Alabama courts, respondents may seek review of the state court judgment in the United States Supreme Court.

Because the district court's order to remand was based on the lack of subject matter jurisdiction, the court exceeded its power by reconsidering the second remand and vacating that order. *See* 28 U.S.C. § 1447(d).

Accordingly, we hereby GRANT the writ and direct the district court to REMAND the case to the Circuit Court of Mobile County.