[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12179

_____

D.C. Docket No. 1:11-cv-20414-MGC


ERIKSON HARRISSON,

                                        Plaintiff - Appellee,

versus

NCL (BAHAMAS) LTD.,
d.b.a. NCL,

                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____
(August 22, 2012)

Before CARNES, BARKETT and HILL, Circuit Judges.

BARKETT, Circuit Judge:

Erikson Harrisson, a former seaman employee of NCL (Bahamas) Ltd.

("NCL"), was injured on the job and sued NCL in Florida state court claiming that

NCL was negligent under the Jones Act, 46 U.S.C. § 30104,[1] and failed to

provide maintenance and care as required by U.S. maritime law. NCL, noting that

Harrisson's employment contract required the parties to submit disputes to

arbitration, removed the case to federal district court under 9 U.S.C. § 205, which

permits removal where "the subject matter of an action or proceeding pending in a

State court relates to an arbitration agreement or award falling under" the

Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the

"Convention"). 9 U.S.C. § 205.[2] After the removal, the district court in a single

---

[1] The Jones Act permits seamen to sue their employers for injuries during the course of employment, applying laws that regulate injury recoveries for railway employees.

[2] Section 205 states in total that:

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

As well, 9 U.S.C. § 203 provides federal district courts with original jurisdiction over actions that fall under the Convention.

Additionally, the parties do not dispute that Harrisson's Jones Act claim does not, by itself, permit removal to federal court. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001) (Jones Act claim was not subject to removal to federal court).

order denied NCL's motion to enforce the arbitration clause on the basis that the arbitration clause was void under the Convention for violating public policy and remanded the matter back to state court. NCL appeals this order.

Harrisson moves to dismiss NCL's appeal arguing that by concluding that the arbitration clause was null and void and thus no longer a basis for jurisdiction, the district court dismissed the case for lack of subject-matter jurisdiction. Therefore, Harrisson argues that pursuant to 28 U.S.C. § 1447(d) we are precluded from reviewing the order remanding the case to state court. 28 U.S.C. § 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.[3]

In Thermtron Products, Inc. v. Hermansdorfer, the Supreme Court limited § 1447(d) to remands based on the grounds specified in 28 U.S.C. § 1447(c), which are a lack of subject-matter jurisdiction or a defect in the removal procedure. 423 U.S. 336, 342-44 (1976); 28 U.S.C. § 1447(c), (d).[4]

---

[3] The parties do not contend that the district court removed the case pursuant to 28 U.S.C. § 1442 or § 1443.

[4] Section 1447(c) states, in part, that:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of

NCL argues that § 1447(d) does not apply because we should construe the remand as based on the district court's interpretation of a contract clause and not on based on the district court lacking subject-matter jurisdiction. Alternatively, NCL argues that even if § 1447(d) applies, we can review the denial of the motion to compel arbitration based on exceptions to the rule of § 1447(d).

**Discussion**

Section 1447(d) generally prevents an appellate court from reviewing a district court's order remanding a case back to state court for a lack of subject-matter jurisdiction, "even if the district court's decision is clearly erroneous." New v. Sports & Recreation, Inc., 114 F.3d 1092, 1096 (11th Cir. 1997); see also Kircher v. Putnam Funds Trust, 547 U.S. 633, 642 (2006) (same). Likewise, 28 U.S.C. § 1447(d) also generally bars our review of the district court's determinations related to a remand based on a lack of jurisdiction, because upon determining a lack of jurisdiction, the district court "has no jurisdiction to touch the case on the merits." Kircher, 547 U.S. at 644.

However, the parties focus on two exceptions to this statutory bar. First, we are permitted to review a remand order that is based on grounds other than a lack

---

removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

4

of jurisdiction or a defect in the removal procedure. Thermtron, 423 U.S. at 342-44; see also Sammie Bonner Const. Co., Inc. v. Western Star Trucks Sales, Inc., 330 F.3d 1308, 1311-12 (11th Cir. 2003). Second, we may review orders "that lead to, but are separate from, orders of remand and have a conclusive effect upon the ensuing state court action." Aquamar S.A. v. Del Monte Fresh Produce, 179 F.3d 1279, 1286 (11th Cir. 1999).[5]

Relying on Snapper, Inc. v. Reddan, NCL argues that this case falls under the first exception, contending that the district court did not remand for a lack of subject-matter jurisdiction. 171 F.3d 1249 (11th Cir. 1999). We find Snapper completely inapposite.[6] The Snapper defendants removed their case based on diversity jurisdiction, which was never contested, and the district court remanded

---

[5] There is also the "matter of substantive law" exception to the statutory bar, which permits this Court to review a determination of the parties' substantive rights that is not intrinsic to the district court's decision to remand. See Hernandez v. Seminole Cnty., Fla., 334 F.3d 1233, 1238-39 (11th Cir. 2003). Because this case was removable only under 9 U.S.C. § 205, the existence of a valid arbitration agreement under the Convention was intrinsic to the remand decision. It "went to the very essence of the removal question and certainly was not external to it." Id. at 1240. "[A]bsent the federal question of [the Convention], no subject matter jurisdiction existed," and therefore "[r]ejection of [NCL's arbitration agreement] argument was merely a step towards the conclusion that the court lacked jurisdiction." In re Loudermilch, 158 F.3d 1143, 1146 (11th Cir. 1998). Therefore, the matter of substantive law exception does not apply.

[6] The Supreme Court in Powerex Corp. v. Reliant Energy Servs., Inc. emphasized that our review to determine whether the district court remanded for a lack of subject-matter jurisdiction, "to the extent it is permissible at all, should be limited to confirming that that characterization was colorable[.]" 551 U.S. 224, 234 (2007). If a "District Court relied upon a ground [to remand] that is colorably characterized as subject matter jurisdiction, appellate review is barred by § 1447(d)." Id.

back to state court after it determined that the forum selection clause in the contract waived their right to removal. Id. at 1251-52. In permitting appellate review, we explained that "the federal court has held the parties to the terms of their agreement, as with any other contractual adjudication." Id. at 1253. Thus, the district court in Snapper had, and never lost, jurisdiction to hear the case, but ruled only that removal was improper based on the language of the contract. In contrast here, the court reviewed the arbitration clause to determine if it provided any basis for the district court's jurisdiction in the first place. After finding that the arbitration clause was null and void under the Convention, the district court lacked any jurisdictional basis and thus remanded the case to the state court.[7]

Even if we find that the district court remanded for a lack of jurisdiction, NCL contends that the remand is separate from the denial of the motion to compel arbitration and that we can review the denial, pursuant to City of Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 143-44 (1934). Under Waco, courts may review an interlocutory appeal of an order that is considered (1) "separable"

---

[7] The dissent's contention that Snapper controls here to permit appellate review ignores the critical distinction that the district court in Snapper decided to remand based on its interpretation of a choice-of-law provision in the arbitration agreement, which as we explained in Snapper, is not a remand based on a lack of subject-matter jurisdiction. 171 F.3d at 1253. In contrast here, the district court did not remand based on an interpretation of a choice-of-law provision, but indisputably because the district court determined that it lacked any subject-matter jurisdiction to hear the case. Because the remand was based on a lack of subject-matter jurisdiction, § 1447(d) applies.

from the remand order, and (2) has a "conclusive effect" upon the subsequent court action. Aquamar, 179 F.3d at 1286; see also Waco, 293 U.S. at 143-44 (permitting appellate review of a dismissal of a cross-complaint that preceded a remand based on a lack of diversity jurisdiction).

We find the order not to be "conclusive" under Waco. An order is conclusive pursuant to Waco only if it will be "functionally unreviewable in the state court, and it changes the contours of the state court action after remand." Hernandez, 334 F.3d at 1241 (internal quotations and citations omitted). Under similar facts to those before us, the Fifth Circuit in Dahiya v. Talmidge International, Ltd. held that the doctrine in Waco does not permit review of a denial of the motion to compel arbitration prior to a remand for a case removed under § 205, in part, because the denial was made "in the process of remanding a case for lack of jurisdiction, [and thus] that determination is jurisdictional and can be revisited by a state court upon remand." 371 F.3d 207, 211 (5th Cir. 2004). Collateral estoppel does not bar the state court from revisiting the claim because "§ 1447(d) prevents the [appellants] from appealing the District Court's decision." Kircher, 547 U.S. at 647.

Here, the district court's analysis of the arbitration clause was limited to the question of whether the clause was valid for purposes of subject matter

jurisdiction. The denial of the motion to compel arbitration does not preclude the state court from reconsidering that question <u>de novo</u> and freely determining whether the arbitration clause is valid. <u>See id.</u> at 647 (noting that state courts are "perfectly free to reject the remanding court's reasoning"); <u>In re Loudermilch</u>, 158 F.3d at 1146 (same); <u>see also</u> <u>City of Oldsmar v. State</u>, 790 So. 2d 1042, 1046 n.4 (Fla. 2001) (noting that, under Florida law, collateral estoppel applies only when a matter has been "fully litigated and determined in a contest that results in a final decision of a court of competent jurisdiction").[8]

For the foregoing reasons, we grant Harrisson's motion to dismiss NCL's appeal for lack of jurisdiction.

**DISMISSED FOR LACK OF JURISDICTION.**

---

[8] As we have found that the arbitration clause was examined only for purposes of the jurisdictional analysis, the parties agree that collateral estoppel does not apply to prevent them from presenting arguments regarding the validity of the arbitration clause to the state court.

Our holding that the district court's findings regarding the arbitration agreement are not "conclusive" does not, as the dissent contends, "rationalize away" federal appellate review of the district court's decisions under the <u>Waco</u> doctrine. Rather, <u>Waco</u> <u>requires</u> our court to first determine whether the district court decisions are "conclusive." <u>See Waco</u>, 293 U.S. at 143.

And § 1447(d) bars our review, even if our court may disagree with the district court's findings or if such findings involved the merits of federal questions. <u>See Kircher</u>, 547 U.S. at 640 ("we have relentlessly repeated that any remand order issued on [a lack of subject-matter jurisdiction] grounds . . . is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court."); <u>see also id.</u> at 647-48 (holding that § 1447(d) barred appellate review of district court's finding, preceding a remand, that federal law did not preclude a state securities lawsuit and state courts upon remand were free to revisit "the merits of [this] federal question").

HILL, Circuit Judge, dissenting:

I dissent.

I disagree with the majority decision to dismiss this appeal for lack of jurisdiction.

We have appellate jurisdiction to review the district court's order denying NCL's motion to compel arbitration under the Convention. That part of the order is immediately appealable under 9 U.S.C. § 16(a)(1)(C), and made applicable to the Convention by 9 U.S.C. § 208.

Here the district court erred in refusing to order arbitration. Its substantive finding that NCL's agreement to arbitrate was unenforceable was based upon *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), a case ruled inconsistent with our prior precedent. *See Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005); *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257, 1277-78 (11th Cir. 2011).[1]

The district court's remand order was based upon its interpretation of the

_____

[1] *Thomas* erroneously held that we can refuse to enforce an agreement to arbitrate under the United Nations Convention on the ground that it is "null and void as a matter of public policy." *Thomas*, 573 F.3d at 1122-24. By *sua sponte* adding a public policy defense, *Thomas* overlooked this circuit's precedent which dictates that a district court must enforce an agreement to arbitrate as null and void only in limited situations "such as fraud, mistake, duress, and waiver . . . [which are] standard breach of contract defenses . . . that can be applied neutrally on an international scale." *Bautista*, 396 F.3d at 1302; *Lindo*, 652 F.3d at 1276.

9

meaning of a choice-of-law or forum selection clause; this is a reviewable decision, external to the removal process. *See Snapper Inc. v. Redan*, 171 F.3d 1249, 1252-53 (11th Cir. 1999); *Cunningham v. Fleetwood Homes of Ga.*, 253 F.3d 611, 617 (11th Cir. 2001) ("[a]greements to arbitrate are essentially forum-selection clauses"); *Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273, 276-77 (9th Cir. 1984); *see also* 28 U.S.C. §§ 1447(c) and (d).

The majority erroneously finds that "the district court's analysis of the arbitration clause was limited to the question of whether the clause was valid for purposes of subject matter jurisdiction." Here the district court clearly conducted two distinct substantive analyses: (1) that the arbitration provision was null and void as against public policy; and that, therefore, (2) remand was proper.

The majority result ***morphs these two into one***, thereby finding that a *City of Waco v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 142 (1934), review is inapplicable and unnecessary.[2] This leap is rationalized away by the comforting thought that "[t]he denial of the motion to compel arbitration does not preclude the ***state court*** from reconsidering that question *de novo* and freely determining

---

[2] *Waco* holds that an appellate court may review a decision of the district court that "in logic and in fact . . . preceded that of remand" and, "if not reversed or set aside, is conclusive upon" the appellant. *Waco*, 293 U.S. at 142. *Waco* allows review of orders that are separable from the order on remand. *Id.* at 143; *see also Aquamar v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1285-86 (11th Cir. 1999).

10

whether the arbitration clause is invalid." (Emphasis added).[3]  It would, indeed,

preclude the *federal court* from reviewing the district court's substantive decision

denying arbitration, a major federal question, and "conclusive upon" the appellant.

*Waco*, 293 U.S. at 142.

I am very concerned with the result achieved today.  It has far reaching

consequences.  The majority interpretation undermines Congress's clear intent to

allow for immediate review from orders denying arbitration.  *See* 9 U.S.C. §§

16(a)(1)(C); 208.

I dissent.

---

[3] The majority opinion never mentions *Thomas* by name.  It glosses over this aspect by stating: "In contrast here, the court reviewed the arbitration clause to determine if it provided any basis for the district court's jurisdiction in the first place.  After finding that the arbitration clause was null and void under the Convention, the district court lacked any jurisdictional basis and thus remanded the case to the state court."  This slight of hand, in essence, would breathe life back into *Thomas*.