[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11906

_____

In re: Gregory Brian Myers,

Debtor.

_____

GREGORY BRIAN MYERS,

Plaintiff-Counter Defendant-Appellant,

BARBARA ANN KELLY,

Plaintiff-Counter Defendant,

*versus*

NAPLES GOLF AND BEACH CLUB, INC.,
a Florida Corporation,
NAPLES PROPERTY HOLDING COMPANY, LLC,
a Delaware limited liability company,

2                    Opinion of the Court                23-11906

Defendants-Appellees,

NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
NAPLES BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC,
Delaware limited liability companies, as Trustees
under the Land Trust Agreement dated as of May 27, 2021,
NBC CLUB OWNER, LLC,
a Delaware limited liability company,

Defendants-Counter Claimants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00013-JES-KCD,
Bkcy. No. 2:21-bk-00123-FMD

————————————————

Before ROSENBAUM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

This appeal concerns only two questions. The first is whether the district court acted appropriately in denying the motion to reconsider its prior order, which remanded this case to state court. Because we find that it did, we affirm.

The district court concluded that 28 U.S.C. § 1447 prohibited it from reconsidering its decision to remand. That statute provides, in relevant part, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," if the remand was made on a ground that subsection (c) of the statute sets forth. *See* 28 U.S.C. § 1447. The district court rightly determined that it remanded the case on such a basis. Namely, the court remanded because of (1) lack of subject-matter jurisdiction and (2) a defect in the removal process. As a result, Section 1447 precluded the district court from reviewing the merits of the remand order. *See First Union Nat. Bank of Fla. v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997). So we affirm the district court's ruling in this respect.

As for the second question this case presents—whether this appeal warrants sanctions—we conclude that it does not. This appeal is not clearly frivolous, so we deny the motion for sanctions under Rule 38.

## I.    BACKGROUND

In 2021, Plaintiff-Counter-Defendant-Appellant Gregory B. Myers filed a Chapter 13 bankruptcy petition. Later that year, Myers and his wife Barbara Ann Kelly filed a lawsuit in Florida state court, asserting alleged easement rights over Defendants-Counter-Claimants-Appellees Naples Golf and Beach Club, Inc., Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC, Naples Beach Club Phase II And III LandTrust

Trustee, LLC, and NBC Club Owner, LLC's (collectively, the "Club Defendants") property.

The Club Defendants countersued to quiet title. Myers and Kelly sought an automatic bankruptcy stay over the state-court case, arguing that the asserted easements rights were part of Myers's bankruptcy estate. The state court concluded that the Club Defendants' counterclaim didn't violate the bankruptcy stay, and it ruled in their favor on the merits of Myers and Kelly's claims. While appeals in the state-court system were pending, Myers and Kelly purported to remove the state lawsuit to federal court.

The district court promptly issued an order to show cause, asking Myers why the case should not be remanded to the state court. The Club Defendants moved for remand, too. In March 2023, the district court granted that request.

In its remand order, the court found, first, that Myers untimely filed his notice of removal. Second, it observed that the state court had entered final judgment by the time Myers sought to remove the case. As a result, the district court concluded that it lacked "jurisdiction to intervene in or to entertain an appeal from [the] state court's final judgment." The district court then denied Myers's motion for reconsideration on the grounds that the remand order "may not be reconsidered" under 28 U.S.C. § 1447(d). As the district court saw things, the remand order was subject to Section 1447(d) because the untimeliness holding meant there was a defect in the removal process, and the court had found it lacked subject-matter jurisdiction to hear the case. The district court

concluded that "[b]oth grounds bring the case within the purview of § 1447(d)." In other words, the district court reasoned, it could not reconsider the decision because the remand was based on grounds that Section 1447(c) excludes from reconsideration.

Myers and Kelly appealed. They originally appealed three of the district court's orders: the show-cause order, the order granting the Club Defendants' motion to remand, and the order denying Myers's motion for reconsideration. We issued an order dismissing Kelly's appeal in whole, and we dismissed Myers's appeal in part, as to the show-cause and remand orders. And we said that "[t]he appeal may proceed as to only Myers's appeal of the order denying reconsideration" of the remand order.[1]

For their part, the Club Defendants moved for sanctions against Myers and Kelly. The Club Defendants argue that Myers and Kelly have brought several bad-faith lawsuits, including this one. They contend that this appeal is both "frivolous" and

---

[1] We also said in this order that "we have jurisdiction to review the district court's order denying reconsideration of the remand order." *See In re Loudermilch*, 158 F.3d 1143, 1145 n.2 (11th Cir. 1998) (holding that, while Section 1447(d)'s prohibition on appellate review of remand orders is "strict," we nevertheless have jurisdiction to rule on a post-remand mandamus petition that does not involve a review of the remand order itself and instead requires "an assessment of the district court's jurisdiction to have reviewed or reconsidered" the remand order); *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1201–04 (11th Cir. 2011) (affirming a district court's denial of a motion for reconsideration of a remand order without expressly addressing jurisdiction).

"designed only to delay and harass" them.  So they seek sanctions under Federal Rule of Appellate Procedure 38.

## II.    DISCUSSION

### A.  *The district court properly denied reconsideration.*

Under Section 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  This rule applies specifically to remands made on at least one of the bases that Section 1447(c) identifies:  lack or subject-matter jurisdiction or defects in the removal process.  *See id.* § 1447(c); *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997).  So district courts may not reconsider even their own remand orders that they issued on one (or both) of these grounds.  *See Hall*, 123 F.3d at 1377.  That's so because a district court, upon remanding, "no longer ha[s] jurisdiction over the case."  *See Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 (11th Cir. 2011).  So it can't entertain a motion for reconsideration of the remand order.  *Id.*

Nor can we consider the merits of a district court's remand or reconsideration order when the remand was based on grounds that Section 1447(c) identifies.  *See In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998).  Rather, "[t]he only issue before us is whether the district court acted appropriately in reconsidering the . . . remand order."  *Id.*  And that requires us to assess only whether the remand fell within the bounds of Section 1447(c).  *See id.*

As we've noted, under Section 1447, a remand order is not reviewable if it is based on (1) lack of subject-matter jurisdiction in

the district court, or (2) a timely filed motion to remand "which is based upon a defect in the removal procedure." *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d at 1409. Both grounds apply here.

The district court remanded the case to state court for two reasons. First, the court found that it lacked subject-matter jurisdiction over the case. So check the Section 1447(c) box. *See* 28 U.S.C. § 1447(c); *see also Loudermilch*, 158 F.3d at 1146. Second, the court remanded the case because of a defect in the removal process: the removal was untimely. We have said that "untimely removal is precisely the type of removal defect contemplated by section 1447(c)." *Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343, 1347 (11th Cir. 2021) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995)) (cleaned up). So double-check the Section 1447(c) box. In short, both of the district court's grounds for remand come within the ambit of Section 1447(c).

Myers contends that the district court's underlying jurisdictional decision was incorrect.[2] But when the remand order is based on the jurisdictional grounds that Section 1447(c) covers, "review by this court is foreclosed under § 1447(d) even if the district court erred" in making that determination. *See Harris v. Blue Cross/Blue*

---

[2] Myers contends that he is challenging a "void" state-court decision on the basis of the applicability of the automatic bankruptcy stay; and void state-court actions, he argues, "may be collaterally attacked at any time." On this theory, he contends that the district court never lost jurisdiction. And he urges us to consider the issue as a "collateral attack." He may characterize it however he wishes, but the district court clearly concluded it lacked subject-matter jurisdiction.

*Shield of Alabama, Inc.*, 951 F.2d 325, 328 n.4 (11th Cir. 1992) ("[T]he fact that the district court may have erred in its jurisdictional decision does not make the remand order reviewable."); *see also Bender*, 657 F.3d at 1204 ("[E]ven if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case."). So even if, as Myers contends, the district court erred in remanding the case for lack of jurisdiction, we can't review the district court's decision. And neither could the district court.

For these reasons, the district court acted appropriately in declining to reconsider its remand order for lack of jurisdiction.

### B.  *We decline to issue sanctions*.

We decline to issue sanctions here.

Federal Rule of Appellate Procedure 38 authorizes courts of appeal to award sanctions upon determining that an appeal is "frivolous." Fed. R. App. P. 38. Rule 38 sanctions may be "appropriately imposed against appellants who raise 'clearly frivolous claims in the face of established law and clear facts.'" *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (citation omitted). "[A] claim is clearly frivolous if it is 'utterly devoid of merit.'" *Id.* (quoting *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993)).

Although Myers and Kelly's arguments were ultimately unconvincing, we don't think their claims on appeal were "utterly devoid of merit." *See Bonfiglio*, 986 F.2d at 1391. To be sure, it's well established that we can't review a district court's decision to grant

a motion to remand on jurisdictional grounds—no matter how erroneous it may be. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1096 (11th Cir. 1997) ("Cases remanded for lack of jurisdiction are immune from review even if the district court's decision is clearly erroneous." (citing *In re Decorator Indus., Inc.*, 980 F.2d 1371, 1374 (11th Cir. 1992)).

But we *have* considered district courts' denials of reconsideration of remand orders, to assess whether the district court "acted appropriately" in that denial. *In re Loudermilch*, 158 F.3d at 1145. So we don't think this appeal was "clearly frivolous." *Parker*, 835 F.3d at 1371. We deny the Club Defendants' Rule 38 motion.

### III.      CONCLUSION

For these reasons, we affirm the district court's order denying reconsideration of its remand order. And we **DENY** the Club Defendants' Rule 38 motion.

**AFFIRMED.**