[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11737
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-22774-PAS

UNITED STATES OF AMERICA,

Plaintiff-Counter Defendant-Appellee,

versus

MASSOOD N. JALLALI,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 7, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Massood Jallali appeals *pro se* the district court's dismissal of his

counterclaim alleging negligence and negligent supervision by the government and seeking rescission of his student loans, the grant of the government's motion for summary judgment in an action to recover on defaulted student loans guaranteed by the U.S. Department of Education, the denial of his motion for further discovery, and the denial of his late filed motion to dismiss. On appeal, Jallali argues that his counterclaim should not have been dismissed based on res judicata because the prior state court judgment was entered without due consideration for governing federal law. He also argues that material facts remained in dispute because the United States did not submit any cancelled checks, wire transfers, or bank statements showing that the money was disbursed to fund any loan he had applied for; therefore, summary judgment should not have been granted. Additionally, he argues that discovery was shut off to him by the district court's refusal to let him conduct depositions. Lastly, he argues that the government's complaint should have been dismissed because there was no tangible proof to show that the government paid or funded any loans on his behalf.

I.

We review *de novo* the district court's dismissal of a pleading pursuant to Fed.R.Civ.P. 12(b)(6). *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint or counterclaim is viewed in the light most favorable to the

2

plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true. *Id.* Although a complaint or counterclaim need not contain detailed factual allegations, it must include enough facts to state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Further, *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Jallali's first two counterclaims were based on negligence and his third was for rescission of his student loans. Jallali failed to provide any controlling authority for his assertion that the government owed him a duty to protect him from Nova Southeastern University or supervise Nova Southeastern University simply because it regulates and oversees the Federal Family Education Loan Program. Under 20 U.S.C. § 3403(b), the United States has no authority or duty to direct, supervise, or control Nova Southeastern University. That statute provides:

> No provision of a program administered by the Secretary or by any other officer of the Department shall be construed to authorize the Secretary or any such officer to exercise any direction, supervision, or control over the curriculum, program of instruction, administration, or personnel of any educational institution, school, or school system, over any accrediting agency or association, or over the selection or content of library resources, textbooks, or other instructional materials by any educational institution or school system, except to the extent authorized by law.

3

20 U.S.C. § 3403(b); *see also* 20 U.S.C. § 1232(a) (same).

Likewise, Jallali failed to provide any legal basis for the rescission of his student loans. Thus, the district court did not err in its dismissal of Jallali's counterclaims.

## II.

We review *de novo* the district court's grant of summary judgment, viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008). Summary judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* "The moving party bears the initial burden of showing the court . . . that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exists demonstrating a genuine issue for trial. *See* Fed.R.Civ.P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91

L.Ed.2d 265 (1986).

A review of the record confirms that summary judgment was proper. At his deposition, Jallali admitted that it appeared to be his signature on the promissory notes and that the social security number on the notes was his. He also admitted at the deposition that he had not made any payments on his student loans.

In support of its summary judgment motion, the government submitted the Francisco affidavit that established that $292,685.32 was disbursed on Jallali's behalf. Jallali challenged the veracity of that affidavit by arguing that it contained a $200,000 discrepancy in the amount of money distributed on his behalf to Nova Southeastern University. However, Jallali offered no evidence of his basis for this calculation, and did not explain whether any of his unconsolidated loans were disbursed to Nova Southeastern University. The district court properly relied on this affidavit to conclude that the money was disbursed on Jallali's behalf.

### III.

We review for abuse of discretion the district court's discovery rulings. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004). In general, district courts have "broad discretion" over pretrial matters such as discovery and scheduling. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). We are without jurisdiction to hear appeals directly

from federal magistrates. *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009). For us to have jurisdiction, the order must first have been appealed promptly to the district court. *Id.*

There is nothing in the record to indicate that the district court abused its discretion in denying Jallali the right to depose these eight individuals. Additionally, we lack jurisdiction to consider whether the magistrate judge erred in quashing the subpoenas to depose the three former law clerks and the former state court judge because Jallali never appealed the magistrate judge's order to the district court. *See Schultz*, 565 F.3d at 1359.

The other four subpoenas sought by Jallali were issued after the extended discovery deadline date had passed. There is nothing in the record to suggest that Jallali could not have sought to depose these individuals within the discovery period. Additionally, Jallali did not make it clear to the district court how these depositions were relevant to this case.

IV.

We review *de novo* a district court ruling on a Fed.R.Civ.P. 12(b)(6) motion. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). A motion asserting the defense of failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed.R.Civ.P. 12(b)(6); *see*

6

*also* Fed.R.Civ.P. 12(h)(2).  An answer to a complaint is a pleading.  Fed.R.Civ.P.

7(a)(2).

The record reflects that on January 22, 2009, Jallali filed an answer to the

complaint.  On December 3, 2010, Jallali filed a motion to dismiss  the

government's complaint pursuant to Fed.R.Civ.P. 12(b)(6).  Because Jallali had

already filed a pleading in response to the complaint, the district court had no

obligation to consider his motion, which was procedurally misconceived in any

event.

For the reasons above, we affirm the dismissal of Jallali's counterclaim,  the

grant of the government's summary judgment motion, the denial of further

discovery, and the denial of Jallali's motion to dismiss.

**AFFIRMED.**[1]

---

[1]    Jallali's Motion for Leave to File Out of Time Reply brief is GRANTED.  Jallali's request for oral argument is denied.