[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13807
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-22774-PAS


UNITED STATES OF AMERICA,

Plaintiff-Counter Defendant-Appellee,

versus

MASSOOD N. JALLALI,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 30, 2014)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Massood N. Jallali, proceeding pro se, appeals denial of his Federal Rule of

Civil Procedure 60(b) motion for relief from summary judgment granted to the

government in its action to recover his defaulted student loans under 28 U.S.C. § 1345 and denial of his Federal Rule of Civil Procedure 59(e) motion for reconsideration.  We affirm.

## I.  BACKGROUND

A. Prior Proceedings: October 2008 to January 2013

In October 2008, the government filed a complaint against Jallali seeking to recover defaulted student loans.  In his answer, Jallali admitted his indebtedness to the government of $379,884.86 principal but denied he owed any penalties or interest.  Jallali asserted that Nova Southeastern University ("NSU"), which had received payments from the proceeds of his student loans, had "arbitrarily and capriciously refused to issue the degree" he had earned.  ROA at 75.  He also raised several affirmative defenses and counterclaims, which the district judge later dismissed on the government's motion.

Following discovery, the government moved for summary judgment, supported by a statement of undisputed facts and a declaration by Alberto Y. Francisco, a Senior Loan Analyst with the Litigation Branch of the United States Department of Education (the "Francisco Declaration").  Francisco attested that, in 1998, several Federal Direct Consolidation Loans totalling $292,685.32 were disbursed by the United States Department of Education for Jallali.  The Consolidation Loans were used to consolidate prior educational loans Jallali had

2

used to attend several schools, including NSU.  Jallali had made no payments on the Consolidation Loans and had defaulted in 2004.  After the default, he owed the government a total of $514,964.20.  Francisco stated not all of Jallali's prior student loans had been consolidated, and documents attached to the Francisco Declaration showed several loans attributable to NSU had not been included in the Consolidation Loans.

In its statement of undisputed facts, the government explained that only two of the consolidated loans were attributable to NSU for $15,583.  The government also submitted the transcript of Jallali's deposition, in which he acknowledged (1) he had consolidated several student loans; (2) the signatures on three Federal Direct Consolidation Loan promissory notes appeared to be his; and (3) he had made no payments on the Consolidation Loans.  In his opposition to summary judgment, Jallali argued the government had not proved it had paid any institution or transferred any money to fund any loan for his benefit.

The district judge granted the government's summary judgment motion in January 2011.  The judge determined Jallali had failed to controvert any part of the government's statement of material facts, which were deemed admitted.  The judge found (1) Jallali had signed the promissory notes, (2) funds were disbursed on his behalf, (3) payment was past due, (4) Jallali had made no payments on the notes, and (5) $514,964.20 was due and owed on the notes.  Jallali had presented no facts

3

to contradict Francisco's statement that $292,685.32 had been disbursed on behalf of Jallali.  The judge entered a total judgment of $514,964.20 for the government on January 10, 2011.

Eight days later, Jallali filed a Rule 59(e) motion for reconsideration of the order granting summary judgment.  Jallali argued the government had produced no loan documents bearing original signatures and had offered no evidence Jallali had signed the loan documents produced by the government.  The government similarly had not produced any "tangible proof of payment," such as cancelled checks, wire transfers, or bank statements.  ROA at 901.  The district judge denied Jallali's Rule 59(e) motion and subsequently entered a separate judgment awarding costs to the government.

Six days later, Jallali filed a post-judgment affidavit in which he averred he had discovered information that called into question the veracity of the Francisco Declaration.  He contended Francisco had attested the government had paid a total of $15,583 to NSU, whereas Jallali had learned NSU had received at least $217,723 between 1997 and 2003.  Jallali filed a notice of appeal two days later.

This court affirmed in May 2012.  *United States v. Jallali*, 478 F. App'x 578, 581 (11th Cir. 2012) (per curiam), *cert. denied* 133 S. Ct. 861 (2013).  We concluded summary judgment was proper, because Jallali admitted in his deposition the signatures on the promissory notes appeared to be his, the Social

4

Security number on the notes was his, and he had made no payments on his student loans. *Id.* at 580. We determined the district judge properly had relied on the Francisco Declaration to conclude $292,685.32 had been disbursed on Jallali's behalf, and we rejected Jallali's argument that the declaration contained a $200,000 discrepancy. *See id.*

## B. Motions under Rules 60(b) and 59(e)

On February 27, 2013, Jallali filed a Rule 60(b) motion for relief from the orders granting summary judgment and costs to the government. He again argued the Francisco Declaration erroneously had reported the government had paid NSU a total of $15,583, an amount that was more than $200,000 in error. Jallali asserted the district judge had relied on inaccurate information, and he was entitled to relief under Rule 60(b)(6) from the judgment. The government argued Jallali's Rule 60(b) motion was time-barred and also was barred by res judicata and the law of the case.

The district judge denied Jallali's Rule 60(b) motion on the ground that it was time-barred. The motion alleged claims of fraud, misrepresentation, or misconduct, claims recognized under Rule 60(b)(3), and therefore was subject to a one-year statute of limitations under Rule 60(c)(1). The judge also noted she previously had considered and rejected Jallali's challenge to the accuracy of the government's evidence in support of its summary judgment motion.

Jallali moved for reconsideration under Rule 59(e) and argued that his Rule 60(b) motion was subject to equitable tolling based on his prior appeal to this Court and certiorari petition. In his prior appeal, Jallali also asserted we had not considered the merits of his post-judgment affidavit. The district judge denied Jallali's Rule 59(e) motion; even if equitable tolling applied to the Rule 60(b) motion it still would have been denied, since his challenge to the government's evidence was meritless.

## II.  DISCUSSION

Jallali argues on appeal that Francisco's assessment of the sum paid by the government was more than $200,000 in error. He contends he was entitled to relief from the judgment in favor of the government, because it was based on substantially inaccurate information. Jallali further argues the judge erred in denying his Rule 59(e) motion, because his Rule 60(b) motion was not subject to equitable tolling and therefore not untimely.

A. Rule 60(b) Motion

We review the denial of a Rule 60(b) motion for relief from a judgment for abuse of discretion. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1202 (11th Cir. 2011). Under Rule 60(b), a judge may relieve a party of a final order or judgment for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that could not previously have been discovered with reasonable diligence,

(3) fraud, misrepresentation, or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has been satisfied, released, or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively, or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  An appellant's burden on appeal from the denial of a Rule 60(b) motion is heavy.  *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam).  "It is not enough that a grant of the Rule 60(b) motion might have been permissible or warranted; rather . . . . [the appellant] must demonstrate a justification so compelling the district court was required to vacate its order."  *Id.* (alterations and internal quotation marks omitted).

Under the law-of-the-case doctrine, findings of fact and conclusions of law by an appellate court generally are binding in all later proceedings in the same case in the trial court or on a later appeal.  *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1405 (11th Cir. 2009).  The law-of-the-case doctrine does not bar reconsideration of an issue if (1) a later trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; or (3) the prior decision was clearly erroneous and would work a manifest injustice.  *Id.*  We may affirm on any ground that is supported by the record.  *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

7

The law-of-the-case doctrine bars the sole issue raised in Jallali's Rule 60(b) motion, because we already have rejected his contentions regarding a $200,000 "discrepancy" in the Francisco Declaration. *Jallali*, 478 F. App'x at 580; *Mega Life & Health Ins. Co.*, 585 F.3d at 1405. Jallali has advanced no factual allegations or legal arguments suggesting any of the exceptions to the law-of-the-case doctrine apply. Therefore, the district judge did not err in denying Jallali's Rule 60(b) motion.

B. Rule 59(e) Motion

We review for abuse of discretion the denial of a Rule 59(e) motion to alter or amend judgment. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1343 n.20 (11th Cir. 2010). A Rule 59(e) motion cannot be used to relitigate old matters, raise argument, or present evidence that could have been raised before the entry of judgment. *Id.* at 1344.

The sole argument raised in Jallali's Rule 59(e) motion pertained to the timeliness of his Rule 60(b) motion. The relief sought in Jallali's Rule 60(b) motion was barred by the law of the case, regardless of whether it was timely. Jallali's assertion in his Rule 59(e) motion, that we previously declined to consider the claims raised in his post-judgment affidavit, is refuted by our prior opinion, in which we squarely rejected his challenge to the accuracy of the Francisco Declaration. *See Jallali*, 478 F. App'x at 580.

8

**AFFIRMED.**